EMILIA FLAUMEIA SABELLA ET AL., PROSECUTORS, v. LLOYD BRAZILEIRO, DEFENDANT.

Submitted July 2, 1914—Decided October 1, 1914.

An employment is not casual, within the meaning of that term as used in the so-called "Employers' Liability act," where one is employed to do a particular part of a service recurring somewhat regularly, with the fair expectation of the continuance for a reasonable period.

---

On *certiorari* to the Hudson Common Pleas.

Before Justices TRENCHARD, BERGEN and BLACK.

For the prosecutors, *McDermott & Enright.*

The opinion of the court was delivered by

BERGEN, J. This cause was submitted on such briefs as should be filed within the time prescribed by the rules of this court, and we have not been favored with any on behalf of the defendant in *certiorari.* A paper was filed by a person who claims to be an attorney-at-law, but he appears to be ignorant of the rule observed in this court, that only those who have been admitted as counselors of this court are permitted to appear and argue causes before it. A brief filed in this court

by one who has not been admitted to the degree of counselor-at-law will not be considered. *Hazard* v. *Phœnix Company,* 78 *N. J. Eq.* 568. This dispute requires the determination of two questions raised under the statute commonly called the Employers' Liability act—(*a*) Was the contract of employment made in New Jersey? (*b*) Was the employment of the deceased casual? The trial court found that the contract was made in this state, and that the employment was not casual, and awarded to the next of kin compensation as provided by the statute. On the first point there was evidence that the deceased was a longshoreman, and had frequently been employed by the prosecutor to assist in loading and unloading its ship, it being a foreign corporation engaged in shipping between the port of New York and different ports of the Republic of Brazil, owning and sailing a number of ships for such purpose; that all longshoremen are paid by the hour for the term of service; that prosecutor's foreman told deceased in Brooklyn, New York, to go to Jersey City, as they had a ship in dock, and deceased went there, was set to work, and within two hours the accident happened which caused his death; the time for which deceased was to be paid did not begin to run until he was set at work in Jersey City; that the prosecutor was under no liability to pay unless deceased was set to work, nor was it bound to employ him after he reached Jersey City. We think there was evidence to sustain the finding that the contract was entered into when the deceased was put to work, and not until then, and as he was not really engaged until after he reached Jersey City, the contract was made in this state. As to the other point, the evidence shows that deceased was justified in the expectation that the employment would continue at least until the ship was loaded or so long as his services were required for that purpose. While this class of work was not constant, depending upon there being a ship of the prosecutor in port, it appears that the deceased was frequently called upon by the prosecutors to serve them in this particular character of work, being one of a class of stevedores ready to respond when called. We

think this supports the finding that the employment was not casual within the meaning of the word as expressed in the statute. The ordinary meaning of the word "casual" is something which happens by chance, and an employment is not casual—that is, arising through accident or chance, where one is employed to do a particular part of a service recurring somewhat regularly with the fair expectation of its continuance for a reasonable period. In our opinion, the trial court correctly disposed of the questions argued on the return of the writ allowed in this cause, and the judgment is therefore affirmed, with costs.