[Civ. No. 4155. Third Appellate District.—August 19, 1930.]

LOUIS KLUMPP, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and E. B. HUNTLEY, Respondents.

734

Butler, Van Dyke, Desmond & Harris for Petitioner.

Edward O. Allen and E. G. Allen for Respondents.

THOMPSON (R. L.), J.—This is an application for a writ of review from the award of the Industrial Accident Commission to the respondent Huntley in compensation for injuries sustained in the course of his employment while engaged in painting the store front and awning of the petitioner.

It is contended the claimant was not engaged as an employee at the time he sustained the injuries of which he complains, because, (1) he was painting this petitioner's store front as a contractor and not as an employee, (2) his

employment was casual, and (3) he was then actually working on an awning frame which was not on the petitioner's premises, but belonged to a neighbor merchant.

█ The Industrial Accident Commission found that "E. B. Huntley . . . while employed as a painter . . . by Louis Klumpp sustained injury occurring in the course of and arising out of his employment. . . . " While there is a conflict of evidence as to the nature of the contractual relationship, there is substantial evidence thereof, together with reasonable inferences which may be drawn therefrom which will adequately support the findings.

The claimant was both a painter and a carpenter. He had previously worked for this petitioner for a wage of $6 per day. It is true nothing was said about compensation for services at the time of employment. It may be inferred the employer understood he was to allow the same wages theretofore paid for similar service. The employer at first assumed he was to purchase the paint. Afterward he consented to the claimant selecting and purchasing the stock for painting. Slight evidence exists to the effect that the employer assumed the authority to dictate as to the manner of performing the work. When the painter was about to conclude his work the employer said, "Are you all through?" to which the claimant replied that he was. Thereupon the employer said, "Why you have not puttied those holes yet." The claimant promptly returned to putty the holes in the surface of the boards. While he was engaged in this process the ladder upon which he was working slipped. He fell to the sidewalk and sustained a broken femur. There is a conflict of evidence regarding the puttying of the holes. This court is, therefore, bound by the evidence which tends to sustain the findings. Respecting the employment, Mr. Huntley testified: "Q. How did you happen to start this painting? A. Why Mr. Klumpp hired me to do it. . . . About two days previous to doing it . . . Mr. Klumpp came to me and we talked this over . . . in front of his store. . . . He said, 'I will buy the paint here, and you can begin the work tomorrow morning.' . . . Q. Was anything said about payment (of wages)? A. No sir. . . . Q. Nothing at all was said about pay? A. Not at that time—no. He always knew my wages; I worked for him several years." At a former hearing of the case he

testified that this petitioner knew his wages had always been $6 a day. The claimant was employed two and a half days in painting the store front. While he was at the hospital for treatment for the broken leg, $15 was sent to him as compensation for his services. In the performance of the work the painter furnished his own brushes, ladders and scaffolding.

It is asserted that the evidence taken at a former hearing of the same case may not be resorted to in support of the findings since a rehearing had been granted and the former evidence of the claimant was not read in evidence at the final hearing. Section 64 of the Workmen's Compensation Act (Stats. 1917, p. 831, and amendments thereto; 1 Deering's General Laws, 1923, p. 1711, Act 4749) authorizes the granting of a rehearing and provides the procedure therefor. Subdivisions (e) and (f) of section 64 of this act apparently contemplate the right of the Commission to consider upon a rehearing of the case the entire record, including all of the evidence which was formerly adduced, together with any new evidence which may be received at the rehearing. Subdivision (f) of this section provides in part: "If after such rehearing and a consideration of all the facts, including those arising since the making of the order, decision or award involved . . . the commission may abrogate, change or modify the same." However, the claimant was resworn upon rehearing in the present case and testified to substantially the same evidence which was related by him at the former trial. We are of the opinion the findings are sufficiently supported by the testimony which was taken upon the rehearing alone.

Section 8 of the Workmen's Compensation Act excludes from the operation of said act injuries which are sustained by one while engaged in an employment which is "both casual and not in the course of the trade, business, profession or occupation of his employer." To exempt one from the application of the act the employment must be casual and it must also be incident to a business which is distinct from the occupation of the employer. (27 Cal. Jur., p. 322, sec. 48.) The employment is deemed to be casual when the contemplated service is to be completed in not less than ten working days and when the total cost of the work is less than $100. (Subd. [c], sec. 8, Compensation

Act, *supra*.) ■ According to the facts of the present case, the service was clearly casual. The painting was completed in two and a half days and the entire compensation therefor was $15. The cost of all materials which were used was less than $20 in addition thereto. Nevertheless, the transaction is subject to the Compensation Act for the reason that the employee was engaged in painting and preserving the store building in which his employer's mercantile business was conducted. This painting was, therefore, incident to "the course of trade" which was operated by the employer. The statute applies the phrase "course of trade" to all services tending toward the preservation, maintenance or operation of the business, business premises or business property of the employer. While the services in the performance of which the claimant was injured were casual, the work was incident to the course of the employer's business and the requirements of the statutes which will exempt the transaction from the application thereof were not fulfilled. The employer is, therefore, liable for compensation.

■ It is asserted the petitioner is not liable for the injuries sustained by the claimant for the reason that the claimant was injured while engaged in puttying the holes in the gable of the frame for the store canopy, which gable actually abutted on the store front of an adjoining merchant and not on the property of the employer. We think this contention is without merit. While it is true this awning gable does actually abut on the neighbor's property, it was apparently constructed as the dividing wall between the store awning of the petitioner and that of his adjoining neighbor. This partition was previously constructed by the claimant at the request of the petitioner. Naturally, each owner would expect to keep in repair and paint to conform with his own color scheme the respective sides of this gable which formed an inseparable part of his own awning frame. The title to this particular portion of the awning was not in dispute. It was evidently a party partition. The claimant says that he painted this partition on the petitioner's side thereof. He assumed that portion adjoining his employer's awning belonged to the petitioner and that it was included in the job which was to be performed, for he painted it to conform with the remainder of the awning frame. The employer evidently assumed this was true, for he examined

the work after the painting had been completed and failed to criticise this feature of the service or suggest that the claimant had been needlessly painting the neighbor's awning gable. This portion of the awning appears to be a necessary part of the work which the claimant was employed to paint. If not, then the employer assumed the responsibility by failing to object to this portion of the work when he observed that it was being painted by his employee. This improvement was for the benefit of the petitioner and was done either at his request or by his acquiescence. He may, therefore, not be relieved from liability therefor merely because it chanced to abut on his neighbor's property.

█ The Commission found that the injuries which were sustained caused "temporary total disability" and thereupon awarded an allowance of $20.83 a week from June 15, 1928, on the basis of an earning ability of $6 a day for six days per week. The evidence discloses the fact that the claimant suffered a fractured femur of the right leg which resulted in a permanent shortening of the limb and a substantial reduction of the normal rotary action thereof. The evidence will also warrant the inference that there was an implied promise to pay the employee $6 a day for his service. The award appears to have been calculated in accordance with the provisions of the Compensation Act, and this court is, therefore, bound thereby.

The award is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 18, 1930, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 16, 1930.