FRANK J. SONNENBERG (EMPLOYEE), RESPONDENT, v. BERG'S MARKET (EMPLOYER), AND EMPLOYERS' MUTUAL CASUALTY COMPANY (INSURER), APPELLANTS.—55 S. W. (2d) 494.

St. Louis Court of Appeals. Opinion filed December 20, 1932.

*Jones, Hocker, Sullivan & Gladney* and *Willard A. McCaleb* for appellants.

*Al. J. Stack* for respondent.

SUTTON, C.—This is an action for compensation under the Workmen's Compensation Act (Chapter 28, R. S. Mo. 1929), for an injury received by plaintiff while in the employ of defendant Berg's Market, insured under the provisions of the act by defendant Employers' Mutual Casualty Company. The Commission awarded plaintiff compensation. From the judgment of the circuit court affirming the award, defendants have appealed to this court.

Defendants insist here that the court erred as a matter of law in affirming the Commission's award, because upon the facts disclosed by this record the plaintiff was but a casual employee and therefore not within the compensation act.

The defendants rely on the third clause of section 3303 of the act, exempting from the operation of the act, "employments which are but casual, or not incidental to the operation of the usual business of the employer."

Plaintiff testified before the Commission as follows: "I was employed by Berg's Market on March 28, 1931. Before that time I had been working for Berg's Market only occasionally on Saturdays. They always employed about four additional men for Saturday, and they called up the local union, and they sent the men down. They worked six days a week at Berg's Market. They had three meat cutters every day, and on Saturday additional men—every Saturday. I worked all day Saturday. I drew for that work $8.50 for each day. They had a grocery store, and sold fruits, vegetables, and groceries. That place is located at 2701 North Fourteenth Street, St. Louis. They also had a market on Easton Avenue off Sarah, and one on Sixth Street near the Union Market. They employed a lot of help in both those places. They had a good many more than ten employees all over. On the 28th day of March I was splitting pigs feet, and the cleaver, instead of going into the foot, glanced off and hit the index finger on my left hand, and cut it open down to the joint."

Counsel agree, as they ought, that the clause of the act under re-

view, being in the disjunctive, excludes from the operation of the act two classes of employments, to-wit, (1) employments which are but casual, and (2) employments which are not incidental to the operation of the usual business of the employer. Nor is it contended that the employment in which the employee here was engaged at the time he was injured was not incidental to the operation of the usual business of the employer. The sole question for determination is: Was or was not the employment but casual? The lexical meaning of the word "casual" is as follows: Happening or coming to pass without design, and without being foreseen or expected; accidental; fortuitous; coming by chance; coming without regularity; occasional; incidental. This is the ordinary meaning of the word, and is evidently the sense in which it is used in the act. It is a mistake to suppose, however, that the word, as used in the act, refers to the employing of the particular employee. For this is not so. The word, as used in the act, refers to the employment, or work, the employee is engaged to do. It is the employment, not the employing of the particular employee, that is determinative. The question is not whether or not the employing of the particular employee was casual, but the question is whether or not the employment, or work, was casual. Under this view of the act, it is obvious that the plaintiff here was not engaged in a casual employment at the time he was injured. The operation of the employer's business required the employing of extra meat cutters on every Saturday. This was because of the extra work required to be done on Saturdays. This extra work was regular and recurrent. It came with regularity every Saturday. It was not unforseen or unexpected, accidental or fortuitous.

This view accords with the manifest spirit and purpose of the compensation act. It also accords with the better reasoned decisions of the courts of other states construing provisions in their compensation acts like the provision of our own act here under review.

In Flynn v. Carson, 42 Idaho, 141, 243 Pac. 818, the facts were very much like the facts of the present case. The deceased, for whose death compensation was sought, was engaged regularly at work in a barber shop. Carson and Dunne were engaged in the transportation business, using busses for that purpose. They regularly employed, in addition to themselves, two bus drivers. They customarily employed one extra driver, and sometimes more, on Saturday nights, for extra trips. On a Saturday night one of the employers went to the barber shop, where the deceased was employed, and employed him as a bus driver for an extra trip. On this extra trip the deceased met with an accident which caused his death.

In disposing of that case, the Supreme Court of Idaho said:

"Appellants in their brief confuse the statute when they say that the exclusion is of those 'who are casually employed.' The exclusion is of the 'casual employment,' not necessarily the casual 'employee;'

not those 'persons' but those 'employments' are necessarily excluded which are 'casual.' . . .

"We must not confuse the terms 'extra driver' and 'extra trip.' This was a regular trip customarily made Saturday nights in addition to other regular trips, and reasonably to be anticipated, expected, and counted upon. . . . Tested by the necessary rules of construction, the employment in this case was not merely incidental nor occasional, without regularity or for a limited and temporary purpose, but was a regular, recurring employment each Saturday night, which was customary and to be anticipated with such regularity and with its hazard a part of the overhead of the industry even though the individuals who might perform the work were not steadily engaged for the purpose. It 'therefore belongs to the category of things to be expected and provided for.' "

See also: Sebella v. Brazileiro, 86 N. J. L. 505, 91 Atl. 1032; Mullen v. Walker (N. J. L.), 143 Atl. 363; Holmen Creamery Ass'n v. Industrial Commission, 167 Wis. 470, 167 N. W. 808.

Defendants, in support of their view, cite and rely on Ray v. Commercial Acid Co. (Mo. App.), 227 S. W. 851. That case is no authority here. It arose under the compensation act of Illinois, and perforce was ruled on the decisions of that state. Moreover, the facts of that case are materially different from the facts of the present case.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. Haid, P. J., and Becker and Daues, JJ., concur.