Frank Tokash, Employee, v. General Baking Company, Employer, and Liberty Mutual Insurance Company, Insurer, Appellants. —163 S. W. (2d) 554.

Division One, July 1, 1942.

*John F. Evans* for appellants.

768

*John W. Barry* and *Wm. R. Schneider* for respondent.

GANTT, J.—Action under the Workmen's Compensation Law. Frank Tokash, in due time and in proper form, made claim for compensation against the General Baking Company and Liberty Mutual Insurance Company. He alleged that he was injured while working for the General Baking Company as a painter of the exterior of its building. The commission entered a final award in favor of Tokash and against both companies in a sum in excess of $7500. The companies appealed to the circuit court. In that court,

and on a stipulation signed by the parties, judgment was entered reversing the final award of the commission. Thereafter Tokash filed a petition in the circuit court to have the judgment on the stipulation set aside for reasons therein stated. The petition was denied and Tokash appealed. We reversed the judgment and remanded the cause with directions to reinstate the cause on the docket of the circuit court. [Tokash v. Workmen's Compensation Commission et al., 346 Mo. 100, 139 S. W. (2d) 978.] Thereafter judgment was entered in the circuit court affirming the final award of the commission. The companies appealed from that judgment.

On review we are limited by the rule stated in Weaver v. Norwich Pharmacal Co., 347 Mo. 995, 149 S. W. (2d) 846, which follows:

■ "Findings of fact made by the commission, if sustained by sufficient competent evidence, are, absent fraud, conclusive on appeal, and in determining the sufficiency of the evidence upon which the commission based its finding we consider the evidence in the light most favorable to the finding and disregard evidence which might support a different finding than made. [Adams v. Continental Life Ins. Co. et al., 340 Mo. 417, 101 S. W. (2d) 75, l. c. 77, and authorities there cited.]"

The facts in evidence before the commission follow: At the time of the injury, George S. Hammond was manager of the baking company's plant in St. Louis. As such, he had authority over the maintenance of the company's building in St. Louis as well as the baking business conducted therein. The company had an employee by the name of Otto Reifstick in charge of maintenance. It was not engaged in the painting business. Even so, it painted its building, and Hammond testified that "we just keep our property up." "The painter we had regularly at our plant came under the maintenance department." He further testified that on a Monday he conferred with painter E. H. Schuermann about painting the exterior of the building. At the conference Hammond inquired if Schuermann could paint the building. Schuermann stated that there should be two painters on the job and that it would cost one dollar an hour for each painter. Hammond inquired if he should employ another painter or would Schuermann employ a painter to work with him on the job. Hammond stated that he wanted a painter that would do an honest day's work. Schuermann stated that he would get a good painter. It was finally agreed that if the building was painted, the company would furnish the paint, putty and brushes and Schuermann would furnish the necessary ladders and scaffolding. Hammond stated to Schuermann that he would talk the matter over with Otto Reifstick, the maintenance man. After talking with Reifstick, Hammond telephoned Schuermann that he could proceed with the painting on the following Monday and instructed him to contact Reifstick, the maintenance man, who would give him the material and tell him what

to do. In the meantime Schuermann engaged the services of Tokash to assist in painting the building at one dollar per hour. On Monday Schuermann and Tokash appeared at the building and contacted the maintenance man from whom they obtained sacks filled with sand to be used as a ballast for the outriggers of the scaffold. They carried the sacks to the roof of the building, and, after adjusting the outriggers, they tested the scaffolding and proceeded to pull it upward on the side of the building. On reaching a point about fourteen feet from the ground, one of the outriggers gave way, causing Tokash to fall from the scaffold which seriously injured him. As yet, Schuermann and Tokash had not been placed on the payroll of the company. "They hadn't been there long enough for us to get them on the payroll." Shortly thereafter they were listed on the payroll as employees. At the time Tokash was injured he had worked an hour and a half. The following Saturday the company paid Schuermann for the work performed by Tokash. Schuermann delivered the money to Tokash, who was in the hospital. In testifying, Tokash stated that his last employer was Schuermann and gave the date of this employment as the date of the accident.

Appellants contend that Tokash was an employee of Schuermann, who was an independent contractor, and for that reason Tokash is not entitled to compensation from the baking company. The applicable rule may be stated as follows:

"The most important test in determining whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer. Whether one is an independent contractor depends upon the extent to which he is, in fact, independent in performing the work. . . . It is not, however, the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor." [27 Am. Jur., p. 486.]

Under the evidence we think the commission was authorized to find that the baking company reserved the right of control over the work and that Schuermann, in engaging the services of Tokash, acted as the agent of the baking company. If so, Schuermann was not an independent contractor within the meaning of the rule above stated.

Appellants rely on the statement of Tokash that Schuermann was his employer. Tokash knew nothing of the oral contract for the painting. He was not present when Hammond and Schuermann discussed and considered the terms of the contract. For this reason the commission could find that Tokash merely assumed that Schuermann was acting for himself when he employed him (Tokash) to work on the building. Furthermore, said testimony of Tokash is a mere conclusion.

On the question of independent contractor, appellants cite Allen v. Jackson County Savings & Loan, 232 Mo. App. 1098, 115 S. W. (2d) 7, and Gholson v. Scott, 130 S. W. (2d) 216. In those cases it was admitted that the person performing the work was an independent contractor. In the instant case we have ruled that the commission was authorized to find that Schuermann was not an independent contractor. If he was not an independent contractor, Tokash was an employee of the baking company.

Appellants next contend that if Tokash was an employee of the baking company, the work of painting the building was of such casual nature as to exclude Tokash from compensation under the provisions of Sec. 3693, R. S. 1939, of the compensation law. The rule follows:

"The sole question for determination is: Was or was not the employment but casual? The lexical meaning of the word 'casual' is as follows: Happening or coming to pass without design, and without being foreseen or expected; accidental; fortuitous; coming by chance; coming without regularity; occasional; incidental. This is the ordinary meaning of the word, and is evidently the sense in which it is used in the act. It is a mistake to suppose, however, that the word, as used in the act, refers to the employing of the particular employee. For this is not so. The word, as used in the act, refers to the employment, or work, the employee is engaged to do. It is the employment, not the employing of the particular employee, that is determinative. The question is not whether or not the employing of the particular employee was casual, but the question is whether or not the employment, or work, was casual." [Sonnenberg v. Berg's Market, 227 Mo. App. 391, 55 S. W. (2d) 494; McFall v. Barton-Mansfield Co., 333 Mo. 111, 61 S. W. (2d) 911.]

We think the evidence authorized a finding by the commission that the baking company maintained its building in the usual course of its baking business. It has a maintenance department and the the painter regularly employed by the baking company was assigned to said department. The commission also could find from the evidence that the baking company regularly painted the interior and exterior of the building when the building needed painting and that it did so in the usual course of business.

We think the evidence also authorized a finding by the commission that the painting of the building could be reasonably anticipated as certain at the times above stated, and that there was no element of chance or accident connected with the employment within the meaning of the rule above stated. If so, the employment of Tokash was not casual within the meaning of Sec. 3693, R. S. 1939.

Appellants state that "no case has reached our appellate courts under this section (3693, R. S. 1939) where the facts were in any way similar to the facts in the present case." They cite Chamberlain v.

Cen. Vt. Ry. Co., 100 Vt. 284, 137 Atl. 326; Blood v. Ind. Comm., 30 Cal. App. 274, 157 Pac. 1140; Klumpp v. Ind. Comm., 107 Cal. App. 733, 291 Pac. 456; Gibbons v. Roller Estates, Inc., 163 Tenn. 373, 43 S. W. (2d) 198; Lamont v. Intermountain Realty Co., 48 ▋ Wyo. 56, 41 Pac. (2d) 497, and Quick v. Kintner & Son, 113 Pa. Super. Ct. 108, 172 Atl. 189.

Those cases are distinguishable on the facts. Furthermore, the statutes of the different states with reference to "casual employment" are not identical. The wording differs.

The judgment of the circuit court should be affirmed. It is so ordered. All concur.