235 S.W.2d 558 (1951)
HARPER
v.
HOME IMP. CO. et al.
No. 41837.
Supreme Court of Missouri, Division No. 1.
January 8, 1951.
Paul C. Sprinkle, William F. Knowles, Roy F. Carter and Sprinkle, Knowles & Carter, all of Kansas City, for appellants.
Rufus Burrus, J. Marcus Kirtley, Independence, for respondent.
LOZIER, Commissioner.
Appellant company and its insurer appeal from a judgment affirming a ruling of the Industrial Commission awarding claimantrespondent $8,571.52 workmen's compensation. As stated by appellants in their brief: "The sole issue presented here for the court to pass on is a consideration of the record with respect to the question as to whether or not the respondent would be considered in law an employee."
The company has its main office in Kansas City and a branch office at St. Joseph. Its business is roofing, siding and insulating buildings. Certain carpenter work is a necessary part of these operations. This consists chiefly of outside repairs or minor alterations; or, as stated by the company's owner, "a part of our business is the rehabilitation *559 of homes." As to such work, one company representative testified: "Well, we don't take it personally, but we did take it along with the other work." The same was true as to guttering work.
Claimant and his two sons, operating as Harper and Sons, first began doing carpenter work for the company in April, 1946. "For quite a while," they did such work upon all the company's projects. Upon none was there any written agreement. Sometimes, "I just told him I would do the job for so much money. * * * Sometimes I worked for him by the hour."
The company was negotiating with William T. Bradley and Eva Bradley, his wife, owners of a residence in Independence, to do certain roofing, siding and insulating work on the house for a "lump sum." This work included certain necessary carpenter work. At the company's request, claimant "looked over" the Bradley Job, and told the company that the specified carpenter work would cost the company "$1.25 an hour or $200; that $200 would be the limit on it. If it took more than enough labor and material to amount to more than $200, I would do the balance free." The company expressly contracted with the Bradleys to do the specified carpenter work and included this estimate in the "lump sum" agreement.
The company told claimant to go ahead with the carpenter work and thereafter directed and instructed him what to do, including doing carpenter work not originally estimated. The company furnished the ladder used by claimant in doing the work. For two days, one of claimant's sons worked on the job and claimant paid him by the hour. When claimant was injured, on September 28, 1946, he had been specifically directed to quit one phase of the work and to undertake another in order "to let the siding workmen go to work." It was while engaged in this latter phase that claimant sustained his injuries. After the accident the company, without consulting claimant, had the carpenter work finished by another carpenter.
Claimant kept a record of the hours on the Bradley job, including time spent on "extra work." There were 112½ hours. He spent $50 for material. The only payment he received was $100, ten days before the accident. The company's vouchers, making payments to him on account of the company's various projects between July 5, 1946, and September 18, 1946 (this last being the $100 paid on the Bradley job) showed payments for "wages."
The commission specifically found that: on the day of the accident "claimant was employed" by the company "to make repairs on premises controlled and managed by" the company; "the making of said repairs * * * was a part of the usual business of" the company; the company was claimant's "statutory employer"; as such employee claimant "sustained an accident arising out of and in the course of" claimant's employment, "during the operation of the usual business which the employer carried on at its premises" at the Bradley house, and "occurring during the usual course of the employer's business."
In our review, we are required to determine whether the commission "could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence." Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649. As of course, we view the evidence in the light most favorable to the successful party below. Tokash v. General Baking Co., 349 Mo. 767, 163 S.W. 2d 554, cited and relied on by both parties here.
The commission's finding of fact that claimant was an employee is adequately supported by the testimony of the claimant himself and of one of his sons and by the records of the company itself. Claimant's evidence as to the extent of the company's general control over his work is persuasive. His testimony as to having been specifically directed, on the day of his injury, to quit one phase and assume another (which he was performing when injured) was unchallenged. Claimant conclusively established, not only the company's right to control his carpenter work *560 on the Bradley job (reserved in order to correlate such work with the over-all roofing, siding and insulation work), but actual control and direction (and actually for such correlation). Claimant was an employee, not an independent contractor. Tokash v. General Baking Co., supra, and McKay v. Delico Meat Products Co., 351 Mo. 876, 174 S.W.2d 149. See also Young v. Sinclair Refining Co., Mo.App., 92 S.W.2d 995; and Chase v. American Press Brick Co., Mo. App., 31 S.W.2d 246.
It follows that Sec. 3698, Mo.R.S. 1939, and Mo.R.S.A., is inapplicable and we need not determine issues raised by appellants upon the premise that claimant "was an independent contractor who was injured on premises not under the control of the employer while he was engaged in work which was not the usual business of the employer."
We hold that, upon the entire record, the commission's ruling awarding compensation is supported by competent and substantial evidence and by the overwhelming weight of the evidence. Accordingly, the judgment of the circuit court upholding such ruling is affirmed.
VAN OSDOL and ASCHEMEYER, CC., concur.
PER CURIAM.
The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.
All concur.