**Velma BROWN, Employee (Claimant), Respondent,**

v.

**KREY PACKING COMPANY, Employer (Defendant), Appellant.**

No. 28909.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1954.

Rehearing Denied Oct. 15, 1954.

R. C. Reis, St. Louis, for appellant.

Thomas B. Maloney, St. Louis, for respondent.

WEINSTEIN, Special Judge.

This is a proceeding under "The Workmen's Compensation Law", Chapter 287, V.A.M.S.1949.

Respondent, Velma Brown, herein referred to as Employee, filed a claim for compensation on October 2nd, 1951, with the Division of Workmen's Compensation, asserting that on or about May 26, 1951, while employed by Krey Packing Company,

she sustained injuries to her "neck, back, left hand, left arm, left hip, and the various and divers parts thereof." Employee further asserted that "while claimant was walking from the Sausage Department to the Bacon Department for the purpose of ringing out on a time clock located in the Bacon Department, she was caused to slip and fall to the floor by reason of a slick, slippery and dangerous substance on the floor, which fall resulted in the above-described injuries."

Appellant, Krey Packing Company, herein referred to as Employer, filed an Answer to the Employee's Claim on October 15th, 1951, asserting that it was self-insured and denying "each and every allegation in said claim for compensation contended and set forth."

On December 5, 1952, after a hearing, Brandom Hope, a Referee of the Division of Workmen's Compensation, issued an award to the Employee for permanent-partial disability in the sum of $25 per week for 60 weeks. The Referee found that on May 26, 1951, an accident occurred arising out of and in the course of employment and that "Employee was walking toward time clock for the purpose of checking out for the day when her feet slipped and she fell to the floor," resulting in injury to "neck and left minor arm" and "fifteen per cent permanent-partial disability of entire woman." The total compensation payable was $1,500.

On application for review by the Employer to the Industrial Commission of Missouri, the Commission affirmed the Referee's award of compensation and findings of fact. Thereafter Employer appealed to the Circuit Court of the City of St. Louis, Missouri, which court on August 4, 1953, entered its order and judgment affirming the final award of the Industrial Commission of Missouri. This appeal is from the judgment of said Circuit Court.

The Employer contends that the Circuit Court erred in affirming the award because the Employee failed to carry the burden of proof, the award was not supported by sub-stantial evidence, the findings of the Industrial Commission are based on speculative evidence, the Industrial Commission disregarded competent, substantial and undisputed testimony of unimpeached witnesses, and its decision was clearly contrary to the overwhelming weight of the evidence.

The gravamen of Employer's attack upon the judgment below is its assertion that the injury received by Employee as a result of the accident was minor and not disabling, and that her disability was a "flare-up" of a previously existing condition.

The Employee, Velma Brown, was 48 years of age at the time of the hearing before the Referee. She was employed by the Krey Packing Company. Claimant testified that on the afternoon of May 26, 1951, she was working in the Sausage Packing Department and that while walking from the Sausage Packing Department through the Bacon Department to ring out her time card, she slipped and fell to the floor because of a slick and slimy substance on the floor. She stated that she fell on her left side with her feet extended toward the right and that the heel of her extended left hand struck the floor first and she caught the weight of her fall with her extended left hand; she further said that her left hand was swollen and that she felt a sharp pain up her arm and to her neck and that her neck was jerked; that she was unable to get up and that she screamed, whereupon a Mrs. Chapman, a fellow employee, came and helped her get up. She then went to the Employer's First Aid Room but it was closed. She went to her home and after a trip to Rolla, Missouri, over the weekend to attend her son's graduation she saw Dr. Bernstorff in the Employer's First Aid Room the following Tuesday. Dr. Bernstorff prescribed heat treatment for her arm and she received such treatment until June 18, 1951, at which time she stopped working because her arm and neck hurt her so bad. She went to Dr. Kappesser on June 6, 1951, who gave her some shots and examined her arm and neck. She was confined to her bed on June

19th because of a bad headache, nausea and pain in her neck and arm, and some time after June 19th she again visited Dr. Kappesser. Dr. Kappesser prescribed a Thomas collar which she wore for three or four days and that failing to help her, she was put in the Park Lane Hospital for five or six days where X-rays were taken and her neck was put in traction. She continued under Dr. Kappesser's care for some time and then went to Dr. Jabczenski, a chiropractor, who treated her for five or six weeks. After that the Employee was examined by Dr. Bart Cole, an orthopedic surgeon, who prescribed a Thomas collar, which she was wearing at the time of the hearing before the Referee, and which she testified she wore at all times except when she was sleeping or when she removed it in order to wash. At the hearing before the Referee, the Employee testified that her left arm ached and her neck hurt her terribly and that her neck hurt up in the back of her head and down between her shoulders. She denied having pains of that nature before and further testified that prior to the accident she never wore a Thomas collar. She also testified she returned to work at Krey Packing Company on or about May 2, 1952, at her Employer's request, that she worked May 2nd and May 3rd, nine hours each day, at which time she was wearing her Thomas collar, but she did not return to work after May 3rd, because her neck and head hurt her too much, until May 7th when she returned and worked about four hours and forty-five minutes, when she told the foreman she would have to go home because of the pain in her arm and neck, a headache and a nauseated feeling. After May 7, 1952, she never returned to work at Krey Packing Company, although she did apply for work at several other places but was unable to obtain a job, and apparently remained unemployed up until the time of the hearing before the Referee.

The Employee testified that when she first was employed by Krey Packing Company in November, 1948, she was examined by Dr. Bernstorff and denied that she gave the doctor a history of arthritis. She fur-

ther denied that she had any trouble with her left hand prior to the accident on May 26, 1951; that in 1950 she went to Dr. Kappesser because her left arm would give way when she tried to lift a stick of weenies, at which time the doctor gave her medication and she was off from work a period of time which she estimated was two weeks. She testified that at that time she had pain in her neck and in her left arm.

Edna Chapman, a fellow employee, testified that she passed through the Bacon Department of the Krey Packing Company and that the floor was wet and slick; that she heard a scream and saw Employee Velma Brown on the floor with her left arm stretched out on the floor, that Employee was crying and rubbing her left arm. She assisted Velma Brown to her feet, at which time Mrs. Brown said that she had fallen on her arm and the pain was shooting up to her shoulder and neck and that she was in terrible pain.

Dr. Bart Cole, an orthopedic surgeon, first examined Velma Brown on January 11, 1952, at which time she complained of trouble with her arms and neck. The doctor found that there was a loss of motion of the cervical spine and pain and tenderness between the shoulders. X-rays taken on the same day showed an enlarged transverse process on the seventh cervical vertebra and arthritic changes between the fourth and fifth, and fifth and sixth cervical vertebrae. He again saw the Employee on April 3rd, 1952, at which time she complained of pain in her left forearm and hand and limitation of motion in her neck in all directions, as well as limitation of motion of her shoulder. Dr. Cole at that time prescribed a Thomas collar which the employee was to wear at all times except when she went to bed. Dr. Cole continued to see her at intervals until June 26, 1952, at which time she still had marked limitation of motion in all directions and she was complaining of pain in either arm. In Dr. Cole's opinion, she was 30 to 35% disabled. Dr. Cole further testified that in his opinion the accident of May 26, 1951, based upon reasonable medical certainty,

was a competent producing cause of the condition and disability of the Employee. An objection was made to this answer after the answer went into the record, and although the objection was sustained by the Referee, no motion was made to strike the doctor's answer from the record. The doctor was again asked his opinion and he stated that the accident could have been the cause of the disability and when again asked whether or not there was a connection between the accident and the disability, the doctor answered in the affirmative that in his opinion there was a connection between the accident and the disability.

The testimony of Dr. Paul H. Bernstorff, offered by Employer, indicated that Employee had a history of arthritis antedating the accident. Also the testimony of Drs. Sigmund Tashma, C. H. Kilker and Netajean Kappesser was offered by Employer for the purpose of establishing that a condition existed prior to the accident of May 26, 1951, which condition caused pains in Employee's arm and neck and which temporarily disabled her. Employer contends that the Commission, on the basis of the evidence presented, would be justified only if it found that Employee had a flare-up of a previously existing condition and that any injury received as a result of the fall on May 26, 1951, was minor and not disabling.

■ The Employer further contends that the medical testimony offered in support of Employee's claim does not support the Commission's award; that the testimony of Dr. Cole was not substantial and that in particular Dr. Cole's testimony responsive to a hypothetical question was without probative force. Dr. Cole, in response to a hypothetical question which concluded with the following, "In your opinion, Doctor, is this accident which I have described, based upon reasonable medical certainty, a competent producing cause of the condition and disability you have described?", answered, "Yes, sir." Immediately after this answer the record discloses that Employer objected to the leading form of the question and the Referee

sustained the objection. Employer, however, made no motion to strike from the record the answer of the witness. Accordingly, the answer remains in the record. Russell v. Union Electric Co., 238 Mo.App. 1074, 191 S.W.2d 278, loc. cit. 287. Thus the testimony of Dr. Cole, as well as Employee's own testimony, supports the conclusion that the accident in question was the competent producing cause of the disability of Employee. Subsequent testimony of Dr. Cole reaffirmed his conclusion that there was a "connection" between the accident and the disability.

■ It is well established that this court will sustain the findings of the referee, commission and circuit court, if their findings and award are supported by competent and substantial evidence upon the whole record. Powers v. Universal Atlas Cement Co., Mo.App., 261 S.W.2d 512, loc. cit. 518. This court cannot substitute its judgment for that of the Commission, but must affirm the judgment unless it is clear that the Commission could not reasonably have made its findings. Sams v. Hayes Adhesive Co., Mo.App., 260 S.W.2d 815, loc. cit. 819. And in reviewing the evidence upon which the Commission made its findings, this court must view the evidence in the light most favorable to the successful party below. Long v. Mississippi Lime Co., Mo.App., 257 S.W.2d 167, loc. cit. 170; Harper v. Home Imp. Co., Mo.Sup., 235 S.W.2d 558, loc. cit. 559.

■ The Commission's finding that Velma Brown, Employee, sustained an accident arising out of and in the course of her employment with the Krey Packing Company resulting in 15% permanent-partial disability of her body as a whole due to injuries to her neck and left minor arm is adequately supported by the testimony offered on behalf of the Employee. A finding that the Employee had some permanent-partial disability as a result of a pre-existing arthritic condition might have been supported by Employer's evidence but the Commission rejected this theory and supporting evidence. We cannot say that the Commission acted unreasonably in doing

so. The Referee and the Commission had the right and duty of passing upon the credibility of the witnesses and could disregard evidence which in their judgment was not credible, even though there was no countervailing evidence to contradict or impeach it. The Referee and the Commission are empowered to weigh the evidence. Long v. Mississippi Lime Co., Mo.App., supra.

It follows that the judgment of the Circuit Court affirming the award of the Commission should be affirmed by this Court, and it is so ordered.

ANDERSON, P. J., and BENNICK, J., concur.