Bobbie G. SCOTT (Alleged Employee), Appellant,

v.

MORRISON TRUCK & TRACTOR COMPANY (Alleged Employer), and Hardware Mutual Casualty Company (Alleged Insurer), Respondents.

No. 24702.

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1967.

Robert J. Sanders, Edgar S. Carroll, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for appellant.

R. Robert Cohn, James F. Stigall, Kansas, City, for respondents.

MAUGHMER, Commissioner.

■ Workmen's Compensation. While applying cement coating to the outside of a building rented by defendant corporation, claimant was struck in the left eye by a flying nail or piece thereof. As a result the eye was removed and he claimed recurrence of a prior condition of epilepsy. The amount of benefits sought does not affirmatively appear to be in excess of $15,-000 and jurisdiction rests with this court. The only issue is whether or not claimant at the time of the injury was an employee,

actual or statutory, of the defendant. The referee and the commission found that he was not and entered an award denying compensation. The circuit court affirmed and plaintiff has appealed.

The injury occurred on May 9, 1963. Defendant, Morrison Truck & Tractor Company, is a corporation doing business at Odessa, Missouri. It had rented the building where the injury occurred and occupied it as the base for its truck and tractor operation. The building was owned by Mr. C. C. Morrison, who was president of the defendant company. In lieu of cash rent, defendant corporation agreed to pay all expenses incurred in the maintenance of the building, including repairs, taxes and insurance.

In the spring of 1963, Mr. Morrison, acting for the defendant corporation, entered into a contract with Mr. Ed Alumbaugh, d/b/a Better Homes Service, Odessa, Missouri, providing for resurfacing the outside walls of the building with concrete. Mr. Alumbaugh at all times herein mentioned was a full time employee of the Fisher Body Plant of General Motors, at Kansas City, worked on a shift from 4:00 p. m. until 12:00 a. m., and usually 44 hours per week. He described his home service jobs as "moonlighting". We quote pertinent parts of this particular repair agreement:

"In Account With
Better Home Service
ED ALUMBAUGH

\* \* \*

"Electrical Wiring-Painting-
Tiling

"I The under signed agrees to do the following work for said price of $648.00 on Morrison Truck & Tractor building.

1. Seal & repair holes with cement.

2. 1700 ? Ft of Metal lathing

3. 1700 ? Ft white cement

4. Seal complete building

5. Trim & paint.

\* \* \*

/s/ Edwin D. Alumbaugh".

Both claimant and Mr. Alumbaugh testified that claimant was employed and paid by Mr. Alumbaugh. The only direction mentioned by either as given by Mr. Morrison, was that the concrete, as first applied did not adhere and would have to be removed. Then Alumbaugh applied metal lath and applied the coating while it was moist. The plaintiff testified that his negotiations for employment on this job were with Mr. Alumbaugh, who told him when to work, when to report for work, fixed his wages at $1.50 per hour, and paid him for his work. Mr. Alumbaugh testified that he hired plaintiff, said he could have hired any one he chose and Mr. Morrison did not have anything to do with hiring help. Plaintiff worked on May 8 and May 9 up until the time when he was injured.

Mr. C. C. Morrison testified that he employed no one but Alumbaugh to make the repairs; that he watched the progress of the work and advised Mr. Alumbaugh when he thought changes should be made.

The scope of appellate review in a workmen's compensation appeal is well stated in Long v. Mississippi Lime Co. of Missouri, Mo.App., 257 S.W.2d 167, 170. We quote from that opinion:

"An appellate court, in reviewing the evidence upon the basis of which the industrial commission made its award, must view the evidence in the light most favorable to the successful party below. Harper v. Home Imp. Co., Mo.Sup., 235 S.W. 2d 558. Neither the circuit court nor the appellate court may substitute its judgment on the evidence for that of the commission. Both courts are authorized and bound to decide whether the commission reasonably could have made its findings and reached its result upon consideration

of all of the evidence before it, i. e. whether the award made by the commission is supported by competent and substantial evidence upon the whole record, Constitution of 1945, Art. V, sec. 22, V.A.M.S. * * * and cases cited, and to set aside decisions clearly contrary to the overwhelming weight of the evidence". See also Liverman v. Wagner, Mo.App., 384 S.W.2d 107.

Plaintiff says first the evidence shows he was an actual employee of defendant and cites Montgomery v. Mine La Motte Corp., Mo.Sup., 304 S.W.2d 885, as so holding under similar facts. In that case the work done by the claimed independent contractor was the moving of ore by trucks. This was the principal business of defendant company. The Supreme Court held that the claimant was either an actual employee because the employer had reserved control of the work or he was a statutory employee because the work was being done under contract on employer's premises and in the usual course of its business. The court ruled there was liability under either conclusion.

■ In the instant case the evidence is ample, substantial and we believe overwhelming that claimant was employed by, paid by and his activities were directed by Mr. Ed Alumbaugh and not by the defendant. He was not an actual employee of Morrison.

■ Plaintiff also contends that he is covered as a statutory employee. Section 287.040(1) provides as follows:

"Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business".

Subsection (3) of this statute also provides in part:

"3. The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor * * *".

It is evident that Mr. Alumbaugh was an independent contractor, Lawrence v. William Gebhardt, Jr., & Son et al., Mo.App., 311 S.W.2d 97, although in some instances even the actual employee of an independent contractor is also covered as a statutory employee. This court in Shireman v. Rainen Home Furnishers, Inc., Mo.App., 402 S.W.2d 64, at page 68, listed the essential requirements for a statutory employee-employer relationship to come into being:

"Under this statute our courts have repeatedly held that three elements must be present before one can be held to be a statutory employee. The evidence must show (1) that the work was performed under a contract, (2) that the injury occurred on or about the premises of the employer, and (3) that the injury must have occurred while the employee was doing work in the usual course of employer's business".

Does the evidence adduced here add up to compliance with all three requirements?

1. It is clear that the work (recovering the outside of the building) was being done under contract.

2. It seems also evident that the injury occurred "on or about" the premises of the Morrison Company, the alleged employer. In State ex rel. Potashnick et al. v. Fulbright et al., 350 Mo. 858, 169 S.W.2d 59, 61, the court construed the word "premises" as used in the statute as follows: " * * * 'that "premises" as there used contemplates any place, *under the exclusive control of the employer* , where the employer's usual business is being carried on or conducted, * * *' ".

3. Did the injury occur while the employee was doing work in the usual course of employer's business? We think not. Defendant's operation was a truck and tractor business. The resurfacing of the outside walls of the rented building housing their enterprise can hardly be said to be in the usual course of that business. It was an isolated, uncommon, unusual event and not a part of the company's regular activities. In Montgomery v. Mine La Motte Corp., supra, cited by appellant, the work was transporting ore, which was the company's regular and main business. In Baker v. Iowa-Missouri Walnut Log Co., Mo.App., 270 S.W.2d 73, the work was transporting walnut logs, from timber land owned or leased by the employer, to its processing plant. Again the work was that which was in the usual course of the employer's business.

In our opinion there was no substantial evidence produced which would justify a conclusion that claimant was either an actual or a statutory employee of the Morrison Truck & Tractor Company. We believe the award of the referee and the award of the commission so holding are supported by competent and substantial evidence and are not contrary to the overwhelming weight of the evidence.

Therefore the judgment of the circuit court affirming the award of the commission denying compensation is by this court affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the Court.

HOWARD, P. J., and CROSS, J., concur.

MORGAN, J., not participating because not a member of the Court when the cause was submitted.