Lloyd B. **OFFUTT**, Claimant-Respondent,

v.

The **TRAVELERS INSURANCE COMPANY**, Insurer-Appellant,

and

**Maurino and Hoover Quarries**, Employer-Appellant.

No. 24987.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1968.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1969.

Harold L. Lowenstein, Rogers, Field & Gentry, Kansas City, for appellants.

Homer R. Hines, L. R. Magee, Kansas City, for respondent.

MAUGHMER, Commissioner.

This is an appeal from a judgment affirming an award of workmen's compensation benefits. There is no real dispute as to the facts. The alleged employer, Maurino and Hoover Quarries, Inc. was engaged in quarrying rock, sand and gravel. It maintained loading bins at its quarry near Cleveland, Cass County, Missouri. The claimant, Lloyd B. Offutt, was the owner and operator of a dump truck. He hauled rock and gravel for himself. For some 20 years he had frequently hauled rock, sand and gravel in fulfillment of orders therefor which had been phoned in by customers to Maurino. There was an oral agreement in existence in conformity with which the cost of the product was billed directly to Offutt, who collected this amount, plus a charge for hauling, from the customer. Mr. Offutt was paid no wages by Maurino. There was a current price at which claimant could buy from Maurino. Some times he bought from the company to fill orders which had been placed with him personally, and some times he bought and made delivery on orders which had been placed with Maurino. This particular quarry had been operating for eight or nine years and Offutt had been a regular buyer during the whole period. He was always billed for any rock which he received and hauled. He was never paid any wage or remuneration of any kind by the company.

On August 16, 1963, claimant was loading his truck from one of the gravel bins when he slipped and fell on some loose gravel, resulting in injury to his right arm and right shoulder. There was no denial of the accident or injury. This particular load of gravel was for a Mr. Max Beer, who had phoned his order to Maurino, whose foreman, Clarence Kihn, transmitted it to claimant. Mr. Offutt, after the injury,

finished loading his truck and made delivery to Mr. Beer. He worked the rest of that day, then part time until he entered a hospital for surgery on October 29, 1963. Mr. Offutt informed the superintendent and foreman Kihn on the day of the accident that he had been injured. The company provided no medical assistance.

The referee found for claimant and entered an award totaling $6684.67, consisting of $950 for the maximum healing period at the maximum rate of compensation $1484.67 for medical aid and $4,250 for permanent, partial disability (100 weeks at $42.50 per week). The Commission affirmed and in turn, the circuit court affirmed. On appeal the alleged employer and insurer make three assignments of error. They say (1) claimant was not an employee; (2) the Commission erred in allowing the maximum compensation rate and (3) it was error to allow for medical aid received more than 90 days after the accident.

The function of an appellate court in reviewing an award by the Industrial Commission was stated by this court in Liverman v. Bill Wagner's 33-71 By-Pass Service Station et al., Mo.App., 384 S.W.2d 107, 109:

"An appellate court, in reviewing an award by the Industrial Commission, must consider the evidence in the light most favorable to the prevailing party. Harper v. Home Imp. Co. et al., Mo., 235 S.W.2d 558. Neither this court nor the circuit court may substitute its judgment for that of the Commission but rather must approve and affirm the Commission's award if upon the whole record it is supported by competent and substantial evidence. Constitution of 1945, Art. V, Sec. 22, V.A.M.S.; Brown v. Griesedieck Western Brewing Co. of Missouri et al., Mo.App., 250 S.W.2d 803; Long v. Mississippi Lime Co. of Mo. et al., Mo.App., 257 S.W.2d 167, 170."

Appellants assert that claimant was not an employee within the meaning of the Workmen's Compensation Law, Chapter 287, V.A.M.S. Two employee relationships are recognized under the Act—regular employees and statutory employees. Section 287.020(1), V.A.M.S. states:

"The word 'employee' as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. * * *"

Section 287.030, V.A.M.S. tells us that an employer means any person "using the services of another for pay."

Section 287.040(1), V.A.M.S. provides:

"Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business."

Many factors have been considered by the Missouri courts in determining whether or not a person rendering services is an employee or an independent contractor. These factors include the exercise of actual control, the right to discharge, the method of payment, who furnishes the tools and whether the employer directs the details of the work. Lawrence v. William Gebhardt, Jr. & Son et al., Mo.App., 311 S.W.2d 97. However, in many cases it has been held that the ultimate and decisive test is the right of control. Fisher v. Hennessey, Mo. App., 329 S.W.2d 225; Pratt v. Reed & Brown Hauling Company, Mo.App., 361 S.W.2d 57, 63. Under the undisputed facts in the case before us we believe claimant did not meet the requirements of a regular employee. He furnished his own working tools, was paid no wages and certainly as to the details of work he was neither con-

trolled by nor subject to the control of Maurino Company.

The Supreme Court in Ward v. Curry et al., Mo., 341 S.W.2d 830, 834 specifically set forth the purpose of this "statutory employee" section by declaring:

"The purpose of Section 287.040 is to prevent employers from evading the liability placed upon them by the Workmen's Compensation Act by doing through independent contractors what they would otherwise do through direct employees; and the federal and state courts respect and rigidly enforce its provisions. (Citing cases)."

In Shireman v. Rainen Home Furnishers, Inc. et al., Mo.App., 402 S.W.2d 64, 68, this court named the three prerequisites required to give rise to the statutory employee relationship. There we said:

"Under this statute our courts have repeatedly held that three elements must be present before one can be held to be a statutory employee. The evidence must show (1) that the work was performed under a contract, (2) that the injury occurred on or about the premises of the employer, and (3) that the injury must have occurred while the employee was doing work in the usual course of employer's business."

We reiterated the same requirements in Johnson v. Medlock et al., Mo.App., 420 S.W.2d 57, 61.

■ We have concluded that claimant under the facts here was a statutory employee. He had a contract with the company under which it furnished rock and gravel at a specified price for fulfillment of orders made to him or to the company and by it turned over to him. Clearly the injury occurred "on or about" the company premises—actually right next to one of its loading bins. The injury occurred while claimant was loading gravel from a company bin into one of his own trucks to fill an order phoned in by an individual to Maurino's foreman and by the foreman "turned over" to claimant. The production and marketing of gravel was clearly "in the usual course" of the quarry company's business. It is not disputed that the injury occurred on premises that were under the exclusive control of the alleged employer. In State ex rel. Potaschnick et al. v. Fulbright et al., 350 Mo. 858, 169 S.W.2d 59, 61, exclusive control was ruled to mean premises where the public did not have an equal right to use them along with the employer and the independent contractor. The Commission in its award in the case before us did not specifically declare that claimant was a statutory employee. However, we hold that he was and that he was not a regular employee.

■ Appellant's second point is that it was error to allow the maximum compensation rate. Section 287.250, V.A.M.S. sets forth the basis for computing the amount of compensation to be paid. Subsections (4) and (6) provide that where the injured person earns no wage, the compensation shall be according to the average annual wage of those in the same employment or the annual wage shall be 300 times the daily wage. There was affirmative evidence that claimant's daily earnings, based on ton-mile profits amounted to $3.25 or $3.50 per hour. There was also evidence that such earnings were approximately the same as the wages paid to the Maurino company drivers. It should be here noted that the Maurino company did have some truck haulers who were their own direct or regular employees. We believe there was substantial evidence, which if believed, would authorize the Commission to allow the maximum compensation. We rule the second point against appellants.

Finally, appellants say it was error to allow the cost of medical aid rendered more than 90 days after the accident. Section 287.140(1) V.A.M.S. which was in effect in 1963, when this accident occurred, provides that medical aid shall be provided "for the first 90 days", and thereafter as the Division or Commission may determine to be necessary. (This section was amend-

ed in 1965 to cover the first 180 days). Proof that the medical expenses allowed were reasonable and necessary was made and was not really controverted. Appellants just say they were not liable for any medical or hospital expenses which were incurred after expiration of the 90 day period. We believe the cases support this contention. Long ago (Johnson v. Kruckemeyer, 224 Mo.App. 351, 29 S.W.2d 730, 734) it was ruled that the order for treatment after 90 days must be made before the expense is incurred and cannot be done retroactively.

In Slider v. Brown Shoe Company, Mo. App., 308 S.W.2d 306, 310, claimant had medical attention furnished and paid for by the employer and in addition, medical and hospital services from her privately selected physician, both during and after the period of 90 days after the accident. The Commission allowed recovery for the expenses arising during the 90 day period. Apparently none was sought for those occurring thereafter. The court said:

"Under Section 287.140, RSMo 1949, V.A.M.S. (as amended), an employer has the privilege in the first instance of designating and selecting the physician and hospital to render the care required by the statute. However, if an employer, with notice that an employee has sustained a compensable accident (Aldridge v. Reavis, Mo.App., 88 S.W.2d 265, 267(4)), *refuses or neglects* to provide or tender necessary medical or hospital treatment, the injured employee need not lie helpless or in pain; but, in such circumstances, the employee may procure necessary treatment (*within the statutory limitations*)* and have an award against the employer for the reasonable cost thereof (citing cases)."

In Cebak v. John Nooter Boiler Works Co., Mo.App., 258 S.W.2d 262, 266, 267, we find this holding:

"The Commission in its first temporary award found that the employer was not liable for the medical expenses in question because they were incurred after the first ninety days following the injury and without a special order for same by the Commission. This ruling was in accordance with the express provisions of Sec. 287.140(1)."

In Wilson v. Emery, Bird, Thayer Company et al., Mo.App., 403 S.W.2d 953, 957, this court reaffirmed the quoted statement of ours from the Slider case. In Wilson, recovery was sought for medical and hospital services received during the 90 day period only, although some such services were secured thereafter.

This court (Schutz v. Great American Ins. Co. et al., 231 Mo.App. 640, 103 S.W. 2d 904, 911) said:

"However, it appears that the award is excessive in the amount of $86.00 in that 43 of the trips that claimant made to Dr. Benson's office for treatment were after the expiration of 90 days after the injury. The doctor charged $2.00 for each of these trips. Under the statute, section 3311(a) as amended (see Laws 1931, p. 381, Mo.St.Ann. § 3311(a), p. 8246) the employer is required to furnish medical aid only during the first 90 days after the injury."

In Gleasson v. Brashear Freight Lines, Inc., Mo.App., 188 S.W.2d 72, 76, 77, the Commission allowed Dr. Nigro the sum of $70 for medical services rendered the employee more than 90 days after the injury. This court said:

"There is nothing in this record to indicate that the commission 'by special order' or otherwise authorized the claimant to employ Dr. Nigro or that the employer authorized, consented to, ratified or acquiesced in such employment. Under such circumstances, the allowance of $70 to Dr. Nigro was erroneous."

Claimant in our case says the medical and hospitalization services which he re-

* (this emphasis ours).

**132**

ceived started on October 7, 1963 (within the 90 day period) and "continued without change until May 19, 1964" (9 months after the injury). Claimant says further that the medical and hospitalization services for which he was allowed payment started within the 90 day period, were continued thereafter, that its status remained the same and that, therefore, the employer is liable for the total cost. We find no case so holding and plaintiff cites us to none.

The Commission allowed the Baptist Memorial Hospital bill in the total sum of $974.67 and the medical bill of Drs. Hamel and Jones in the total sum of $510. Examination of the itemized bills show that the accrued charges at Baptist Memorial from August 16, 1963, the date of the injury, until November 14, 1963 (90 days thereafter) were $671.24. The fees of Drs. Hamel and Jones accruing for the same period, total $340. Since claimant reported his injury to the employer on the date of the accident and the employer failed to provide needed medical and hospital care, we hold that claimant was justified in securing same privately and the employer is liable therefor, for the first 90 days. The employer would be liable for medical expenses incurred thereafter if claimant had procured an order from the Commission authorizing such additional expense. No such order was secured or even sought. We hold, therefore, that payment of medical and hospital expenses herein which accrued more than 90 days after the injury was improper and contrary to the provisions of the Act. The allowance by the Commission of $1484.67, when only $1011.24 was properly allowable, is excessive in the amount of $473.43.

If claimant will, within 10 days, remit the sum of $473.43 from the award, the judgment will be affirmed; otherwise, it will be reversed and remanded and the circuit court ordered to remand to the Commission with direction to modify the award in accordance with this opinion.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.