JOE PERRIN, HOLLYWOOD THEATRICAL COMPANY, a Corporation, and MASSACHUSETTS BONDING AND INSURANCE COMPANY, a Corporation, v. AMERICAN THEATRICAL COMPANY, a Corporation, Appellant.—No. 38580.—178 S. W. (2d) 332.

Division One, February 7, 1944.

Rehearing Denied, March 6, 1944.

*A. B. Lansing, Moser, Marsalek & Dearing* and *J. C. Jaeckel* for appellant.

*Karl M. Vetsburg, Joseph Nessenfeld* and *Freeland L. Jackson* for respondent Perrin; *James J. Seeley* and *Leahy & Leahy* for respondents Hollywood Theatrical Company and Massachusetts Bonding & Insurance Company.

HYDE, J.—This is an action for damages for personal injuries. Plaintiff (Perrin) had verdict and judgment for $8000.00. Defendant has appealed.

The sole question presented (assignment that verdict for defendant should have been directed) is whether plaintiff had the right to maintain a common law action for his injuries. Defendant contends that the Missouri Workmen's Compensation Act controls and prevents such action.

Plaintiff, a resident of California, was a musician who came to St. Louis from Chicago as a member of an orchestra accompanying a road show called Earl Carroll's Vanities. This show was to play for a week in defendant's theatre. The troupe arrived about 9:30 A. M. Sunday, March 10th, 1940 and registered at the American Hotel. Plaintiff went to the theatre about 11:30 A. M., with the orchestra director and a member of the cast, for the purpose of making arrangements for seating the orchestra and placing instruments. Rehearsal was to be held that afternoon and the first performance given that evening. There was a temporary stairway, leading from the stage to the floor of the parquet, which had not been fastened to the floor of the stage. When plaintiff stepped on it, to examine the orchestra pit, it moved, causing him to fall and be injured.

Plaintiff was paid benefits under the Compensation Act of California at the rate of $25.00 a week, a total of $1985.00, and also medical and hospital expenses, by his employer, Hollywood Theatrical Company, and its insurer, Massachusetts Bonding and Insurance

Company. They were permitted to intervene in order to establish a lien for amounts paid under the California Act. Plaintiff's employer operated a theatre in Hollywood where the regular Vanities show ran 52 weeks each year and plaintiff expected to be employed there when the road show completed its tour.

Defendant's theory of the application of the Missouri Act is that Section 3698a (R. S. 1939) Mo. R. S. Ann. made it a statutory employer of plaintiff because plaintiff was an employee of an independent contractor doing work "under contract on or about (defendant's) premises which is in the operation of the usual business which (defendant) carries on." [Citing Pruitt v. Harker, 328 Mo. 1200, 43 S. W. (2d) 769 and similar cases.]

Plaintiff says this section does not apply because "the usual business of the defendant in this case is the operation of a theater rather than the production of theatrical performances by companies such as that of which plaintiff was an employee." Plaintiff further says: "it would appear from the contract between the defendant and the Hollywood Theatrical Corporation that the business of the defendant is simply furnishing a theater, all set up, and that it was no part of its business to actually produce the show."

The contract between the Theatre Company and the Hollywood Company, as stated in defendant's brief, provided for "the appearance of the 'Vanities' at defendant's theatre in St. Louis during the period beginning on March 10, 1940, and ending on March 16, 1940, said engagement comprising regular evening and the usual holiday and matinee performances; and provided for the apportionment of the receipts from the performances between the parties." The Hollywood Company also "agreed to carry liability and compensation insurance in an approved company, and upon its failure so to do defendant was authorized for the term of the agreement to purchase such insurance for the benefit of the employees of Hollywood Corporation and to deduct the cost of the premiums of such insurance from the first money due the latter under the contract." The Theatre Company agreed to furnish its theatre "lighted, heated and cleaned, with the scenery and equipment therein contained, janitor, ushers, ticketsellers, doorkeepers, coupon and regular tickets, house programs, regular house license for a period of one (1) week"; also certain extra musicians and stagehands to work performances, place scenery and remove baggage. The Hollywood Company agreed to "give said performances in a proper and creditable manner, with complete cast of characters, ballet and supers, and all costumes for the same; also to furnish all perishable properties and spot, X-ray, floods and any other form of lamps and electrical equipment required."

There does not seem to be any Missouri ruling on this exact situation. However, the controlling principle has been frequently stated. It is: "if the work being done at the time of injury is not

an operation of, or in the usual course of, the business which the employer customarily carries on upon his premises, but is only incidental, ancillary, or auxiliary thereto, then the contractor, subcontractor, or his employee who is injured while engaged in such character of work is not a 'statutory employee' within the meaning of the act, and the owner or occupant of the premises having the work done under contract is not to be deemed the employer of such injured party for the purpose of having liability cast upon him under the provision of the act." [Rucker v. Blanke Baer Extract & Preserving Co. (Mo. App.), 162 S. W. (2d) 345 and cases cited l. c. 347. See also Simmons v. Kansas City Jockey Club, 334 Mo. 99, 66 S. W. (2d) 119; Stratis v. McLellan Stores Co. (Mass.), 42 N. E. (2d) 282; Lehman v. Grace Oil Co. (Kan.), 98 Pac. (2d) 430; 58 A. L. R. (Note) 882; 105 A. L. R. (Note) 588; 71 C. J. 490, Sec. 212.]

Substantially the situation we have here was before the Supreme Court of Wisconsin in Madison Entertainment Corporation v. Kleinheinz, 248 N. W. 415. There the entertainment corporation operated an athletic field equipped with floodlight equipment suitable for holding rodeo shows, baseball games and other such events at night. Claimant was employed as baseball player by Mr. Lenahan, who was the sole owner and operator of a team called the Madison Blues, member of the Wisconsin State League. He "hired the players, bought uniforms, directed practice, paid the players, and furnished uniforms and other equipment." He made arrangements to use the field for night baseball games, for part of the regular league schedule. "It was agreed that the entertainment corporation was to collect and retain the gate receipts, pay the visiting team, and give to Lenahan a stipulated or guaranteed amount for each game in addition to furnishing advertising and baseballs."

The court held that claimant was not entitled to compensation as a statutory employee of the entertainment corporation. The court said that the Wisconsin statute concerning employees of contractors and subcontractors "was intended to deal with situations where a person or corporation discharges his or its duties under a contract by subletting work, or where such person or corporation delegates his or its usual business to another under contract"; and that "the chief purpose of provisions of this type is to protect the employees of subcontractors who are not financially responsible, and to prevent employers from relieving themselves of liability by doing through independent contractors what they would otherwise do through direct employees." The court, however, ruled: "The Madison Entertainment Corporation was not organized to give entertainments through and by its employees. Its business was the promotion of entertainments in order to exploit the facilities of the baseball field. Its position was analogous to that of the owner of a theater who gives guaranties to traveling shows in order to promote the profitable

operation of the plant constituting the theater. Its business was the furnishing of facilities for giving entertainments, rather than the giving of them through its own efforts. Hence the corporation was not attempting to discharge its business through independent contractors and thus avoid the necessity of doing business through direct employees."

We approve and adopt this ruling as applicable to the case before us under the provisions of our Workmen's Compensation Act. We hold that plaintiff was not injured while doing work "which is an operation of the usual business which (defendant) there carries on" (in the operation of the plant constituting its theatre) ; and that he was not a statutory employee of defendant under Section 3698a. Defendant's reply brief stresses the provision of the contract, supra, authorizing it to purchase compensation insurance for the benefit of the employees of the Hollywood Company, as an admission of the applicability of the Missouri Act. However, the provisions of our Workmen's Compensation Act cannot be enlarged by waiver, estoppel or contract. [Soars v. Soars-Lovelace, Inc., 346 Mo. 710, 142 S. W. (2d) 866, and cases cited.]

The judgment is affirmed. All concur.