ECKMAYER v. NEWPORT et al.

No. 28904.

St. Louis Court of Appeals.

Missouri.

April 20, 1954.

Rehearing Denied May 17, 1954.

Paul H. Koenig and Thomas L. Sullivan, St. Louis, for appellant.

Evans & Dixon, John R. Dixon, and James K. Moran, St. Louis, for respondents Joseph H. and Minnie Newport, and Massachusetts Bonding & Ins. Co.

BENNICK, Judge.

This is a proceeding under the Workmen's Compensation Law, Sections 287.-010 to 287.800 RSMo 1949, V.A.M.S. The appeal is by the claimant from the final award of the industrial commission denying compensation.

The case was submitted before both the referee and the commission upon an agreed statement of facts.

The claimant is John Eckmayer, a cabinetmaker by trade, who had been in the

employ of the Star Fixture Company for some twenty years at the time of the happening of the accident on August 9, 1951. The occupation of cabinetmaker is a skilled trade requiring special knowledge. The Star Fixture Company is a corporation engaged in the business of preparing, installing, repairing, and altering the fixtures, shelving, and the like in business establishments under contract with the owner or proprietor.

Among the persons with whom the Star Fixture Company did business from time to time were Joseph H. and Minnie Newport, who operated a retail dry goods and shoe store in premises at 618 North Vandeventer Avenue in the City of St. Louis.

The work in progress at the time of the claimant's injury was being done under a contract entered into between the Newports and the Star Fixture Company shortly prior to the date of the accident. The work consisted of the replacing of the upper five and one-half feet of the shoe racks beginning at a point seven feet above the floor. It was agreed that the work was designed to enhance the general appearance of the store so that by making it more attractive to customers, there would be a tendency to increase the volume of sales. It was also agreed, for whatever significance it might be thought to have, that the fixtures and furnishings in retail dry goods and shoe stores in the St. Louis area do not become a part of the realty but remain the personal property of the proprietor and may be removed by the proprietor if the premises are vacated.

In undertaking to carry out its contract with the Newports, the Star Fixture Company prepared the materials to be used in the doing of the work and delivered such materials to the Newports' premises. It assigned the performance of the work to its employee, the claimant, who supplied his own tools for his use in making the alterations, and who, while so engaged, sustained an accidental injury.

The claim for compensation was filed against the Newports and the Star Fixture Company jointly. It appeared, however, that the Star Fixture Company was a minor employer and as such not subject to the provisions of the act. The primary question in the case was whether the Newports, although admittedly not the actual employers of the claimant, were none the less to be regarded as his statutory employers under Section 287.040. Both the referee and the commission ruled this point in favor of the Newports, that is, that they were not the claimant's statutory employers; and on appeal to the circuit court this decision was affirmed.

In order to prevent the circumvention of the act by leaving it possible for unresponsive employers to conduct their normal operations through the fiction of contracting independently with persons without financial responsibility, the Legislature, in enacting the compensation law, included Section 287.040, which provides that any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer, and shall be liable to such contractor, his subcontractor, and their employees when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

In every case of this character the ultimate question of the liability of the owner or proprietor of the premises resolves itself into one of whether the work which the contractor, subcontractor, or his employee was doing when injured was an operation of the usual business which the owner or proprietor carried on upon his premises. If so, the act by its plain terms makes the owner or proprietor liable as an employer or, as it is said, converts him into a statutory employer. Viselli v. Missouri Theatre Bldg. Corp., 361 Mo. 280, 234 S.W.2d 563; Morehead v. Grigsby, 234 Mo.App. 426, 132 S.W.2d 237; Kennedy v. J. D. Carson Co., Mo.App., 149 S.W.2d 424; Cates v. Williamson, Mo.App., 117 S.W.2d 655. But on the other hand, if the work being done at the time of the injury is not an operation of, or in the

usual course of, the business which the owner or proprietor customarily carries on upon his premises, but instead is only incidental, ancillary, or auxiliary to such usual business, then the owner or proprietor having such work done under contract upon his premises is not to be deemed the employer of the injured workman for the purpose of having liability imposed upon him under the provisions of the act. Perrin v. American Theatrical Co., 352 Mo. 484, 178 S.W.2d 332; State ex rel. Long-Hall Laundry & Dry Cleaning Co. v. Bland, 354 Mo. 97, 188 S.W.2d 838; Rucker v. Blanke Baer Extract & Preserving Co., Mo.App., 162 S.W.2d 345; Cummings v. Union Quarry & Construction Co., 231 Mo.App. 1224, 87 S.W.2d 1039.

The record affords no justification for disturbing the finding of the commission that the work being done by the claimant at the time his injury was received was not a part of the usual business which the Newports carried on·so as to have cast them in the role of statutory employers within the meaning of the act.

It disposes of the whole controversy to say that the Newports were not in business to reface shelves, but to sell shoes and dry goods. While the refacing of the shelves was unquestionably related to the general operation of the store, it was something to be done only occasionally at most. Moreover it was a job not only calling for special skill and experience over and above that possessed by or expected of the ordinary employee in a retail store, but also requiring special tools in its performance which the Newports had no reason to keep on hand. It was not something which the Newports customarily carried on upon their premises, but instead was merely incidental, ancillary, and auxiliary to their usual business of operating a retail store. Under the circumstances of the case the Newports were not the claimant's statutory employers so as to have become liable to pay compensation for the injury he sustained.

It follows that the judgment of the circuit court affirming the final award of the commission should in turn be affirmed by this court. It is so ordered.

ANDERSON, P. J., and BROADDUS, Special Judge, concur.