Alfred E. FISHER, Appellant,

v.

Richard H. HENNESSEY, d/b/a Hennessey Building Company, Respondent.

No. 23037.

Kansas City Court of Appeals.

Missouri.

Nov. 2, 1959.

**226**

Robert B. Wurdack and Combs & Denney, Kansas City, for appellant.

Harold J. Maddox, Davis, Thomson, Van-Dyke and Fairchild, Kansas City, for respondent.

SPERRY, Commissioner.

This case arose from a claim filed in the Division of Workmen's Compensation. A hearing was had before a Referee, who found for claimant. The employer appealed to the full Commission where an award for claimant was fully entered, with one Commissioner dissenting. This award was reversed by the Circuit Court of Clay County and claimant appeals.

Alfred E. Fisher, plaintiff, received an injury while using an electric drill in a house being constructed by defendant, Richard H. Hennessey. The propriety and amount of the award is not questioned if plaintiff was, at the time he was injured, an employee of defendant, not an independent contractor.

Defendant had a contract to construct a house for a Mr. Holsworth, according to plans furnished by Holsworth, and according to specifications prepared and furnished by defendant. Plaintiff was working on this house when he was injured.

Plaintiff stated in evidence that he is an electrician; that he had been an electrician for forty years; that he had maintained a licensed place of business in his home, known as Fisher Electric Company, for twenty two years; that he employs helpers, furnishes his own tools and transportation, and frequently furnishes materials; that he pays his income taxes on the basis of being self employed; that he deducts income and social security taxes from his helpers' wages when they work for him.

His testimony was that he and defendant agreed, several days prior to the date of the injury, that plaintiff should do certain electrical wiring and installation work at the Holsworth house; that he was to furnish tools and materials; that he was to be paid on a basis of time and materials; that he intended to make a profit on the materials furnished; that he reported at the house on the morning of September 10, 1957, together with his helper; that defendant designated the locations of certain electrical outlets that he was to install; that the method he used in the work was his own; that he could have contracted with any one other than defendant and, on September 10th and 11th, during the progress of the work, he could have left the job to inspect or estimate another job; that he could have left his helper working; that defendant was at the house only a short time on September 10th, and left; that, on the morning of September 11th, defendant told plaintiff to make installations for electric heaters and a 100 amp. service; that the installation of heaters had been determined upon by Mr. Holsworth that day; that he was to do that work on a basis of

time worked and materials furnished; that defendant was not a highly qualified electrician and did not and could not have supervised and directed plaintiff's work in detail; that he was doing the job that had to be done; that he was injured on the morning of September 11th and did no work on the job afterward; that his helpers finished the work; that he was paid a little over $600 for labor, and for materials furnished; that he was not paid anything as profit on materials furnished, although he had expected to be so paid.

Mr. Bridgman testified to the effect that he was one of plaintiff's helpers, at times; that he did not work on this job; that, when he worked for plaintiff, income and social security taxes were deducted from his wages.

Defendant's testimony was that plaintiff was never a regular employee, "not a deduction", although he had previously done work for him; that he was to pay plaintiff, on September 10th, on a piece work basis. However, plaintiff's injury was received on September 11th when, according to defendant's testimony, he was working on a time and "materials furnished" basis. Defendant stated that he could have fired plaintiff at any time he failed to be on the job; that he could have discharged him at any time he failed to properly perform his work or used junk materials; that defendant himself helped to do some wiring on the house, and installed the heaters; that he took defendant's word for hours worked; that he intended for plaintiff to be paid for time worked by himself and helpers, and for materials, plus overall profit thereon; that plaintiff was a good electrician with a lot of experience and defendant did not have to make suggestions as to methods to be used; that he could have rejected any of plaintiff's suggestions or recommendations as to the method of doing the work.

█ The sole question here is whether plaintiff was, when he was injured, an employee of defendant within the meaning of Section 287.020 RSMo 1949, V.A.M.S. In reaching our decision we must view the evidence in the light most favorable to plaintiff, who was successful below, Harper v. Home Imp. Co., Mo., 235 S.W.2d 558, 559; and if the Commission could have reasonably made its findings and reached its result under all of the evidence before it, we should approve the result so reached. Harper v. Home Imp. Co., supra.

█ It is the law that, if one is an employee within the meaning of the law, the master controls not only the result to be accomplished by the employee's work, but also the details of the manner in which such work is done; but the employer of an independent contractor controls the result accomplished only. However, as to an employee, the ultimate and decisive test is the *right* of control, not necessarily its *exercise*. McKay v. Delico Meat Products Company, 351 Mo. 876, 174 S.W.2d 149, 156; Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, 912.

In the last mentioned case, 82 S.W.2d 916, the Court, in discussing the test to follow in determining whether one is an independent contractor, said: "The commonly recognized tests of such relationship are: The existence of a contract for the performance by a person of a certain piece of work at a fixed price; independent nature of his business or occupation; his employment of assistants with the right to supervise their work; his obligation to furnish necessary tools, supplies, and materials; his right to control the progress of the work, except as to final results; the time for which he is employed; the method of payment, whether by time or by the job, and perhaps others."

Defendant testified (but plaintiff's testimony was to the contrary) to the effect that, on September 10th, plaintiff's work consisted of making electrical outlets at the price of $3 each, a 100 amp. outlet for

$100, and range outlets at $19 each. Such a contract of employment is at least some evidence of the relationship of independent contractor. However, that was not the day upon which the accident occurred, nor was it the work upon which plaintiff was engaged when he was injured. All of the testimony is to the effect that the accident occurred on the 11th, while plaintiff was working on the heater installations. Defendant stated that this heater work was being done under an entirely different agreement, whereby plaintiff was to be paid on an hourly basis for his own time and that of his helpers, for materials furnished, and an overall profit. That method of payment is some evidence of employer-employee relationship. But, the method of payment is not the sole determinative factor. The ultimate test is whether defendant had the *right* to control the method and manner by which the work was done. Defendant said that he had the right to fire plaintiff if he saw him improperly performing his work, using defective or junk material, or for failure to be on the job. If that is true, he had the right to direct and control the details of the work being done, the manner and time that it was done, and the power to enforce that right by discharging plaintiff. The fact that, as defendant said, plaintiff was a good electrician and he did not deem it necessary to direct him as to the details of the method and manner of his work, is not controlling. The ultimate test is his *right* to do so.

Upon a consideration of the whole record and all of the evidence before it, the Commission could have believed and found that plaintiff was an employee of defendant, within the meaning of the statute. It could have reached the result that it did reach.

The judgment reversing the award of the Industrial Commission of Missouri and remanding the cause to the Industrial Commission of Missouri with directions to enter a new order denying compensation should be reversed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.