**Virgil O. SHIREMAN, Appellant,**

v.

**RAINEN HOME FURNISHERS, INC. and Aetna Casualty and Surety Company, Respondents.**

No. 24416.

Kansas City Court of Appeals.

Missouri.

April 4, 1966.

Roger J. Barbieri and Leo C. Gotschall, Kansas City, for appellant.

R. Robert Cohn and James F. Stigall, Kansas City, for respondent.

HOWARD, Judge.

This is a workmen's compensation case. The Industrial Commission affirmed the referee in denying benefits to appellant and the circuit court affirmed. On appeal to this court appellant contends that there was no substantial competent evidence upon the record as a whole to support the finding of the commission that appellant was an independent contractor and not a statutory employee.

Respondent is a corporation engaged in the furniture business. It sells furniture,

carpeting and appliances. Late in 1962 respondent had removed a partition between two display rooms in the basement of its retail store, thus making one large display room. Electrical outlets which had previously been in the partition required relocation and respondent also desired additional electrical outlets and one or two additional electrical switches. It secured the services of appellant to perform the work of relocating the old electrical outlets and installing the new ones and moving or installing the switches. Appellant was an electrician by trade with many years of experience. He had done other jobs for respondent over the last seven years. He also worked for as many other employers as he could secure jobs. Respondent's president, Jack Rainen, first contacted appellant and advised him in a general way what work was to be done, and instructed him to discuss the matter with the store manager for the details and exact locations of the electrical installations. After this was done, Mr. Rainen and appellant met at the store. Mr. Rainen wanted additional electrical outlets over and above those desired by the store manager and so instructed appellant. Appellant, working by himself, began the job and not long thereafter, while attempting to pull some electric wires through a conduit, fell off a ladder onto the concrete floor, and broke some bones in his hand. The injury and resulting disability are not in dispute in this case. The only dispute is whether or not appellant was an employee so as to be entitled to compensation.

Appellant contends that it was agreed that he would perform the electrical work for compensation at the rate of $2.50 per hour, plus the cost of materials. Respondent contends that he was to be paid a lump sum at the end of the job. Mr. Rainen testified that appellant first set a price of $69.00 for the job; that after he requested additional work over and above that designated by the store manager appellant set a price of $89.00 for the job. After the job was finished appellant submitted a bill for $183.25. Respondent considered this was too high; that it included items of materials not actually used; that in order to give appellant the benefit of the doubt and to adjust the dispute he offered to pay $110.00 for the job and that appellant accepted.

Appellant testified that Mr. Rainen told him in detail exactly what he was to do, had the right to give detailed directions and the right to discharge him; that respondent furnished some tools, notably the ladder from which he fell, and a "fish tail" tool used to pull wires through the conduits. It appears that appellant had his own ladder in his truck outside the building, but chose to use respondent's ladder. There is some dispute as to whether the "fish tail" tool was, in fact, furnished by respondent. Appellant also testified that additional work and directions were given as he progressed with the job. After his injury, appellant secured the services of a young man who was an apprentice electrician (or "a half-way electrician" as appellant described him) to finish the job under appellant's supervision. This young man was hired and was to be paid by appellant, not by respondent. Mr. Rainen, for respondent, testified that he merely designated the location where he wanted the electrical outlets and switches installed, and that he relied upon appellant's skill and ability as an electrician to properly perform the work. That he did not attempt to, and did not have the right to supervise the details of appellant's work. He denied that he had the right to fire appellant and testified that if appellant's work was not done properly, he could not and would not fire him, but would refuse to pay for such work.

Appellant contends that Mr. Rainen admitted that he had the right to fire appellant. This is based on one question and answer as follows:

"Q. I understand that, but could you fire him if you wanted to?"

"A. If I had a reason to—"

This answer was not complete. The witness was interrupted by another question,

and from all of the testimony of Mr. Rainen, it appears that the answer above quoted was merely a preliminary phrase and was not an admission of the right to fire appellant. When Mr. Rainen was uninterrupted he unequivocally denied that he had the right to fire.

The award of the Industrial Commission reads as follows:

"We find from all of the credible evidence that Virgil O. Shireman was an independent contractor and not an actual employee of Rainen Home Furnishers, Inc. on January 7, 1963, as alleged.

"We further find that Virgil O. Shireman was not a statutory employee under the provision of Section 287.040(1) RS Mo.1959, for the reason that the work then and there being done was not 'an operation of the usual business which he (the alleged statutory employer) there carries on'. Cf. Nabors vs. United Realty Co., [Mo.App.] 298 S.W.2d 474."

Appellant contends that there was not sufficient evidence to support the finding of the commission that appellant was an independent contractor.

■ In ruling this and the other contention of appellant we must remember that the claimant has the burden of proof to bring himself within the provisions of the Workmen's Compensation Act. The appellate court must consider the evidence in the light most favorable to the award. We can not substitute our judgment for the judgment of the commission, but must affirm the award, if upon a reading of the whole record, it appears that the commission's award is supported by competent and substantial evidence. Grauf v. City of Salem, Mo.App., 283 S.W.2d 14, Liverman v. Wagner, Mo.App., 384 S.W.2d 107.

■ In determining whether an individual in the position of appellant is an employee within the meaning of the Workmen's Compensation Act or is an independent contractor and therefore outside of the scope of the act, the courts have laid down the rule that the right of the alleged employer to control the detailed activities of the alleged employee is the determining factor, and that the right to fire the employee is particularly important in determining this issue. The answer to this question does not depend upon whether or not the employer did, in fact, exercise control over the detailed activities of the employee, but the crucial question is whether the employer had the *right* to so control the activities of the employee. See Maltz v. Jackoway-Katz Cap Company, 336 Mo. 1000, 82 S.W.2d 909, Fisher v. Hennessey, Mo.App., 329 S.W.2d 225, and Pratt v. Reed & Brown Hauling Company, Mo. App., 361 S.W.2d 57.

■ In the case before us, although appellant claimed that the employer had the right to control and to fire, he gave no evidence other than testimony as to this conclusion. He stated that respondent designated the location where he was to install the electrical outlets and switches and required him to change the locations of at least one switch, apparently as the result of respondent's president changing his mind as to the location he desired. Appellant also testified that he was required to install additional outlets. It is not clear whether this referred to the additional outlets that Mr. Rainen desired over and above those designated by the store manager, or whether it referred to still further outlets required from time to time as the work progressed. In any event, the testimony of both appellant and Mr. Rainen appears to agree that respondent simply designated the location for the outlets and the switches and did not in any way attempt to control the detailed manner in which appellant performed the work of installing the outlets and switches. Mr. Rainen testified that he did not attempt to and did not have the right to control such detail. He relied on appellant's skill and knowledge as an electrician to do the work right. Appellant testified that when he came to work he did not seek instructions from the store

manager but that he knew what to do; that he could come to work and quit when he wanted to or work all night if he wanted to. Mr. Rainen testified that respondent allowed appellant to work on other jobs at the same time and when appellant expressed some doubt as to his ability to conceal all the wires as respondent desired he told appellant to "do the best you can". We have heretofore referred to the testimony on both sides as to the right to fire and the method of payment. This evidence does not bring this case within the facts presented in Fisher v. Hennessey, supra, Mo. App., 329 S.W.2d 225, where the employer specifically testified that he could fire the claimant if he did bad work or used junk material, or was not on the job when he should be, etc. From such evidence the court found that the commission's action in awarding benefits to claimant was supported by competent and substantial evidence.

In this case there was evidence that appellant was employed on the basis of a lump sum payment for the job and not on an hourly rate plus materials basis; that respondent did not have the right to control the detailed work of appellant, but merely designated the location of the installations desired, and left the detailed performance to the knowledge and skill of appellant. Further, there was evidence to support a finding that respondent did not have the right to fire appellant; that appellant was responsible for the completion of the job, and had the right to and did employ an assistant of his own choosing, without permission from respondent. Thus we find that the commission's determination that appellant was an independent contractor and not an employee is supported by competent and substantial evidence and can not be disturbed.

Appellant's next contention is that even if he is found to be an independent contractor, he is a "statutory employee" under the provisions of Section 287.040(1) RS Mo 1959, V.A.M.S., which provides: "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business."

■ Under this statute our courts have repeatedly held that three elements must be present before one can be held to be a statutory employee. The evidence must show (1) that the work was performed under a contract, (2) that the injury occurred on or about the premises of the employer, and (3) that the injury must have occurred while the employee was doing work in the usual course of employer's business. Here we have determined that the work was being performed under contract and there is no dispute that the injury occurred on the premises of the employer. Thus we are left to the one question of whether or not the work being done by the appellant was "in the usual course of his [employer's] business".

■ Respondent corporation is engaged in the furniture business, and in such business sells furniture, carpeting and appliances. The evidence was that respondent did not regularly employ an electrician, and that any electrical repair work on appliances, etc. was contracted out, and was not done on the premises by respondent's employees. The electrical outlets were used to plug in appliances and lamps for display purposes. The installation of electrical outlets and switches was not the purpose for which the business was conducted and it was not a regularly re-occurring activity of the business. These electrical installations were used in the business, as was the rest of the store structure, and were undoubtedly not only useful but necessary, at least in a minimum amount. However, it is not believed that these factors bring this activity within the scope of the holdings in the cases cited by appellant.

In Kennedy v. J. D. Carson Company, Mo. App., 149 S.W.2d 424, the employer operated a furniture store, consisting of several floors with elevators to move customers and furniture to and from the various floors. These elevators required very frequent service and repair, and the claimant had contracted to furnish such service and repair at least once a week and as needed. The court held that the constant use of the elevators was essential to the conduct of the business in the multi-story building, and the activity of the claimant in servicing and repairing and keeping such elevators in running order was so necessary and essential to the business of the employer that the work was in the usual course of employer's business and claimant was a statutory employee. In Viselli v. Missouri Theatre Bldg. Corp., Mo., 234 S.W.2d 563, the employer was engaged in the operation of an office building, and in such business contracted with its various tenants to furnish elevator service, heat, air conditioning, window washing services etc. The contract with the tenants provided for window washing at least every two weeks. The employer contracted with an independent contractor to perform the window washing service and the claim there involved was for the death of an employee of the independent contractor who fell from a window and was killed. The court found that such window washing was an essential part of the operation of the office building, which was the business conducted by employer, and, therefore, the dead employee of the independent contractor was a statutory employee under the statute above cited.

Noland . v. George Tatum Mercantile Company, Mo., 313 S.W.2d 633, involved an employer who was engaged in selling and installing TV sets and antennas. In order to install an antenna for a customer he hired claimant to trim away tree limbs overhanging the roof of the customer's house. The court held this to be a necessary operation in the usual course of the employer's business of installing the merchandise sold,

and that, therefore, it was within the purview of the statute. In Kirch v. Sheffield Steel Division, Inc., 174 F.Supp. 221, the United States District Court of the Western District of Missouri, applying Missouri law, held that where the contractor had continuously worked at various expansion and maintenance jobs in the employer's steel plant for over ten years, and was then engaged in modernizing production machinery, such activity of the contractor, who had almost become a division of the employer company, was a part of the usual business of the employer and that the injured employee was a statutory employee within the act.

From the evidence in the case at bar, it appears that the installation of electrical outlets and switches was not a usual activity in the course of respondent's business. It does not appear that respondent regularly changed or added electric outlets or that it was necessary to the business to repeatedly or periodically have such work performed. It would appear to us that the activities of appellant in this case are more nearly comparable to the removal of heavy water tanks, which were no longer used in the apartment house, as involved in Nabors v. United Realty Company, Mo.App., 298 S.W. 2d 474. Admittedly the outlets and switches installed by appellant were useful in respondent's business, but they were not absolutely essential thereto, as was keeping the elevators running in Kennedy v. J. D. Carson Co., Mo.App., 149 S.W.2d 424, supra, or as was the window washing which the employer was under contract to perform on a continuous basis in Viselli v. Missouri Theatre Bldg. Corp., Mo., 234 S.W.2d 563.

We believe that the criteria set out in Perrin v. American Theatrical Co., 352 Mo. 484, 178 S.W.2d 332, 1. c. 334, would be applicable to the case at bar. The court there said: " * * * the controlling principle has been frequently stated. It is: 'if the work being done at the time of injury is not an operation of, or in the usual course of, the business which the employer customarily carries on upon his premises, but

is only incidental, ancillary, or auxiliary thereto, then the contractor, subcontractor, or his employee who is injured while engaged in such character of work is not a "statutory employee" within the meaning of the act, and the owner or occupant of the premises having the work done under contract is not to be deemed the employer of such injured party for the purpose of having liability cast upon him under the provisions of the act.' Rucker v. Blanke Baer Extract & Preserving Co., Mo.App., 162 S.W.2d 345, loc. cit. 347 and cases cited."

On the basis of the foregoing authorities we agree with the finding of the Industrial Commission that appellant was not a statutory employee because the work he was performing was not done in the operation of the usual business carried on by respondent. Thus the award of the commission was supported by substantial and competent evidence and the judgment of the circuit court affirming the award is therefore affirmed.

All concur.