Arlie Ray ROBERTSON and Bessie Robertson et al., Plaintiffs-Respondents,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendants-Appellants.

No. 24668.

Kansas City Court of Appeals.

Missouri.

April 3, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1967.

Samuel J. Molby, Clayton R. Smalley, Watson, Ess, Marshall & Enggas, Kansas City, for appellants.

Edward V. Sweeney, Monett, for respondents.

SPERRY, Commissioner.

This is a workmen's compensation case.

Arlie Ray and Bessie Robertson, claimants, are the parents of Donald Ray Robertson, deceased, who died of injuries accidently suffered while allegedly working on the premises of Cornell Roofing Company, hereafter referred to as employer, unloading concrete blocks from employer's truck. Claimants were the parents of the deceased and filed this claim on behalf of themselves and of Wanda Robertson, Joe Bob Robertson, Patricia Robertson and Sharon Robertson, minor brothers and sisters, and partial dependents, of deceased. United States Fidelity & Guaranty Company was employer's insurer. The Commission unanimously awarded claimants compensation in the sum of $10,769.22, to be paid on a weekly basis of $7.92 per week for each of said partial dependents. Insurer appealed to the circuit court where the award was confirmed. It now appeals to this court.

Mr. Cornell, doing business as Cornell Roofing Company, had been engaged in the roofing business, in Independence, Missouri, for a number of years prior to the occurrence here considered. His chief business was roofing, but he also engaged in razing, remodeling, and constructing buildings. He had one principal place of business at Independence, and his employees numbered from five or six up to as many as thirty, at times.

On June 21st, 1961, employer was engaged in razing a concrete block building at Liberty, Missouri, and moving the material to his premises in Independence. A short while prior to this date deceased, an unmarried young man who, with his parents and minor brothers and sisters, lived in a rural area near Purdy, Missouri, came to Independence and found employment with Cornell. He worked with other employees at Liberty, but he ceased working for a time. On the morning of the fatal accident he appeared at insured's place of business, at which time, near 7:00 A.M., four men, including a truck driver, were removing concrete blocks from a truck and stacking them on the premises, where they were to be used in building a warehouse. The blocks were being removed from the rear of the truck and piled or stacked on the lot and it became necessary for the truck to be moved forward in order to make room for more blocks to be stacked. The truck driver told the workmen in the rear to stand clear, which they all did excepting deceased, and the truck was moved forward, but it rolled backward and pinned deceased between the rear of the truck and the pile of stacked blocks, killing him immediately.

The incident greatly affected Mr. Cornell, emotionally. That same day a representative of the insurer called on him for a report of the incident and asked him if deceased was an employee that day. The evidence was that Mr. Cornell stated that he was not. Sometime thereafter, Mr. Cornell's liability carrier denied liability for the truck accident, and his insurer here also denied liability on the grounds that decedent was not an employee of insured.

In his testimony, by deposition and at this hearing, Mr. Cornell expressed himself as thereby being "in a devil of a shape." Mr. Cornell's testimony was that, later, he remembered that deceased did ask him, on the morning of the accident, for employment, and that he employed him. He stated,

at this hearing, that he was present and saw deceased actually working, unloading blocks. There was other testimony to the effect that deceased did no work whatever, prior to the accident. However, Mr. Johnson, insured's foreman for a number of years, testified to the effect that deceased reported to him that morning and asked him what he wanted him to do; that witness assumed that he had been employed and was an employee of the insured. He stated that he told deceased to assist in unloading the blocks; that he did not accompany him to the site of the truck; that he had, in the past, employed workmen but that the custom was that Mr. Cornell did the hiring and most of the "firing" but that, on this occasion, he told deceased where to work and what to do. The accident occurred within a very short while after work began. From all of the available evidence deceased was at the rear of the loaded truck, between it and the stack of blocks that had previously been unloaded, when he was killed. That is where he should have been, where the other unloaders were, when the truck pulled forward to make room for more blocks. The others moved from behind the truck but, for some reason, deceased did not stand clear, and he was crushed to death between the rear end of the truck and the stack of blocks when the truck rolled back.

The referee, who heard the testimony, denied compensation but, on review by the full Commission, compensation was awarded as above stated, by the unanimous vote of the members.

■ Insurer's chief criticism of the award is that deceased's injuries and death occurred while he was not an employee of insured, and that it is contrary to the overwhelming weight of the evidence. We must consider the evidence, together with all reasonable inferences to be drawn therefrom, in the light most favorable to support the findings and award of the Commission.

The Commission is the trier of the facts and the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. Mashburn v. Chevrolet—Kansas City Division, General Motors Corp., 397 S.W.2d (Mo.App.) 23, 28. We must affirm the award if it is supported by competent and substantial evidence, as it is. Mashburn v. Chevrolet—Kansas City Division, supra. Certainly, we cannot say that the award is contrary to the overwhelming weight of the evidence. The members of the Commission found, from substantial evidence, that deceased was an employee of insured when he met his death; and the evidence is uncontradicted to the effect that he met his death, because of an accident, at a time when he was at a place where he was required to be in order to perform the duty to which he had been assigned by insured's foreman, who was in charge of insured's business at the time. Other employees had been working in that location just prior to the truck being moved. Kammeyer v. Board of Education, 393 S.W. 2d (Mo.App.) 122, 127.

■ Insurer also contends that the award, as to the amount, is not correctly computed. The point is ruled adversely. Section 287.250 R.S.Mo.1959, (4), (5), (6), V.A.M.S. The method of arriving at the amount of the award is spelled out in detail under the Commission's findings of fact. We find it to be correct under the applicable law and the facts in evidence in this case. Johnson v. Kruckemeyer, 224 Mo.App. 351, 29 S.W.2d 730, 732–733.

The award, in toto, is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.