**Hubert SAALE, Employee, Plaintiff-Respondent,**

v.

**ALTON BRICK COMPANY et al., Employers, Defendants-Appellants.**

No. 35297.

Missouri Court of Appeals, St. Louis District, Division One.

April 2, 1974.

Louis W. Riethmann, Jr., Jack H. Erps, St. Louis, for defendants-appellants.

Walsh, Howe & Ebert, Clayton, for plaintiff-respondent.

WEIER, Judge.

Proceeding under the Workmen's Compensation Act, Hubert Saale filed a claim for benefits against the Alton Brick Company and the Mueller Cartage Company, asserting that he was an employee of both companies at the time of his injury. A hearing was held before a referee of the Division of Workmen's Compensation, who found that Saale was a statutory employee of the Alton Brick Company and the Mueller Cartage Company. Upon application for review and appeal, the Industrial Commission reversed the referee's finding and issued a final award determining claimant was not a statutory employee and denying compensation. On appeal to the circuit court, the court ordered the determination of the Industrial Commission reversed for the reason that it was unsupported by competent and substantial evidence, and remanded the case to the Commission with directions to enter an award in accordance and consistent with the referee's award. Alton Brick Company and the Mueller Cartage Company have appealed from the adverse judgment.

Hubert Saale and his son were engaged in general carpentry contracting under the name of Saale Construction Company. In April or May of 1969, Mr. Thomas J. Goodnick, corporate manager for the Alton Brick Company, discussed with plaintiff the feasibility of altering and repairing a building owned by Alton Brick situated on that company's premises in St. Louis County. Mr. Goodnick wanted to determine whether the building could be reconstructed to make it suitable as a maintenance garage for trucks. Goodnick testified that the building was to be remodeled for the purpose of leasing it to the Mueller Cart-age Company so they could repair their trucks on the premises.

Alton Brick Company was engaged in the manufacture and sale of building face brick. Mueller Cartage Company, on the other hand, was a contract carrier, licensed by the I.C.C. Under the provisions of their I.C.C. permit, Mueller Cartage was restricted to the hauling of brick for the Alton Brick Company. When their trucks were not being used for shipment, Mueller Cartage was permitted to park them on the premises of Alton Brick. In addition to occupying a dispatcher's desk in Alton Brick's office, Mueller Cartage leased a maintenance garage on Warson Road. At the time of claimant's accident, Mueller Cartage Company was about to be evicted from the Warson Road premises and was conducting lease negotiations with Alton Brick Company.

According to the testimony of Goodnick, he was authorized to sign checks on behalf of the Mueller Cartage Company and to contract for anything necessary to the progress of their business. Goodnick also testified that a Mrs. Charles J. Schott was the acting president of both Alton Brick and Mueller Cartage, and served on the board of directors of each company.

Upon Saale's advising Goodnick that the building could be remodeled to accommodate the trucks, an oral contract was made on a time and material basis with no exact set contract price. Statements for labor and materials were billed to the Alton Brick Company, but payments were made to plaintiff by both defendant companies. Claimant Saale, working with his son, began the job, and on October 28, 1969, while attempting to install an overhead garage door, fell off a ladder and sustained a fracture of his right leg. Saale did not complete the job after his accident.

Saale testified that Mr. Goodnick frequently visited the building site and told

him what changes to make as to the building itself. He also testified that Goodnick, in his opinion, had the right to discharge him. On cross examination, however, claimant admitted that Goodnick had told him to raise the walls, replace the roof and install an overhead door, and that he had proceeded with this reconstruction work using his own expert knowledge as a carpenter. Mr. Goodnick, for the defendants, testified that he did not tell claimant how to reconstruct the building, but rather relied on claimant's skill and judgment as a carpenter to do the work right. Goodnick further testified that Alton Brick Company did not regularly employ carpenters, and that all construction or repair work on the premises was contracted out, and was not performed by the employees of Alton Brick.

In examining the record further, the Commission could have found and inferred that claimant and his son set their own hours, working when they wanted; that except for one occasion when the trusses were being installed, claimant provided the labor, materials, tools and equipment; that claimant worked on other carpentry jobs at the same time which were in no way connected with either defendant company; and that due to a work stoppage ordered by the planning and zoning commission, Goodnick temporarily took claimant off the job to build an office in another building on Alton Brick's property.

The Commission's determination that claimant was not a statutory employee was, under the facts of the case, the equivalent of finding that he also was not an employee of the Alton Brick Company or the Mueller Cartage Company. Consequently, the issue before us is whether there was competent and substantial evidence upon the record as a whole to support the finding of the Commission.

■ The standards governing the extent and scope of judicial review in workmen's compensation cases are set forth in Mo. Const., Art. V, § 22, V.A.M.S., and § 287.-490(1), RSMo.1969, V.A.M.S. The reviewing court has the duty to determine whether the decision of the Industrial Commission is "supported by competent and substantial evidence upon the whole record." This does not mean that the court may substitute its own judgment on the evidence for that of the Commission. Rather, it authorizes a reviewing court to set aside the findings and award of the Commission only if they are clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647, 649 [3] (banc 1946).

■ In examining the record, the evidence in its entirety, including all reasonable inferences to be drawn therefrom, must be viewed in the light most favorable to the findings of the Industrial Commission. Thacker v. Massman Const. Co., 247 S.W.2d 623, 627 [2] (Mo.1952). If from the evidence two opposed conclusions may be drawn as to the fact at issue, it is for the Commission to draw the ultimate conclusion, and the reviewing court is bound by that finding. Cotton v. Voss Truck Lines, Inc., 392 S.W.2d 428, 434 [6, 7] (Mo.App. 1965). The determination of the credibility of witnesses and of the weight to be given to their testimony is a function of the Commission. Robertson v. United States Fidelity & Guaranty Co., 416 S.W. 2d 192, 194 [2] (Mo.App.1967).

■ We first address ourselves to the issue as to whether claimant was an employee. In determining whether an individual is an employee within the meaning of the Workmen's Compensation Act (§ 287.020, RSMo.1969, V.A.M.S.) or is an independent contractor and therefore outside the scope of the Act, numerous evidentiary circumstances are to be considered: the extent of control which is exercised over the details of the work; the in-

dependent nature of the person's business; whether the workman or the alleged employer furnishes the necessary tools, supplies and materials; the length of time for which the person is employed; the method of payment, whether by time or by the job; and the right to fire the person. Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, 916 [14] (1934); Lawrence v. William Gebhardt, Jr., & Son, 311 S.W.2d 97, 102 [1] (Mo.App.1958). The decisive test, however, is whether the alleged employer had the right to control the detailed activities of the alleged employee. Fisher v. Hennessey, 329 S.W.2d 225, 227 [2] (Mo.App.1959); Shireman v. Rainen Home Furnishers, Inc., 402 S.W.2d 64, 67 [4] (Mo.App.1966).

■■■ In the case before us, the record did tend to show some indicia of the relationship of employer and employee. There was evidence that claimant was employed on an hourly rate plus material basis and not on the basis of a lump sum payment; that he was temporarily taken off the remodeling job to build an office; and that he was not responsible for the completion of the job after his accident. Nevertheless, there was evidence from which the Industrial Commission could have found that neither defendant company had the right to control nor made any attempt to exercise control over the detailed activities of the claimant. The testimony of both claimant and Mr. Goodnick appears to agree that Goodnick merely designated the alterations desired, and that claimant was to use his skills and knowledge as a carpenter to do that work right. Further, there was evidence that claimant was not required to work specific hours; that he was free to accept other carpentry work and in fact did so; and that, except for one occasion, claimant supplied all necessary tools, supplies and materials. The only evidence that claimant could be fired was based upon his own conclusion. Such testimony alone does not bring this case within the facts presented in Fisher v.

Hennessey, *supra,* and Pratt v. Reed & Brown Hauling Company, 361 S.W.2d 57 (Mo.App.1962), where the employers specifically testified that they had an unrestricted right to fire the employee. *See* Shireman v. Rainen Home Furnishers, Inc., *supra,* 402 S.W.2d 1. c. 66–68. Thus, the Commission's implied determination that claimant was not an employee was supported by competent and substantial evidence and was not against the overwhelming weight of the evidence.

We turn now to the issue of whether the claimant was a statutory employee of either defendant company.

The status of a statutory employee is created by § 287.040(1), RSMo.1969, V.A.M.S., which provides:

"Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business."

■■ The purpose of the statute is to prevent an employer from evading the liability placed upon him by the Workmen's Compensation Act by hiring independent contractors to perform the usual work which would otherwise be performed by his own employees. Nagle v. Drew, 409 S.W.2d 264, 267 [3] (Mo.App.1966); Ferguson v. Air-Hydraulics Company, 492 S.W.2d 130, 136 [6] (Mo.App.1973). Before one is held to be a statutory employee the evidence must show that: (1) the work was being performed under contract; (2) the injury occurred on or about the premises of the employer; and (3) the injury occurred while the employee was doing work in the usual course of the employer's business. Shireman v. Rainen Home Fur-

nishers, Inc., *supra,* 402 S.W.2d 1. c. 68 [6]; Wallace v. Porter DeWitt Construction Company, 476 S.W.2d 129, 131 [2] (Mo.App.1971). No dispute was raised concerning the satisfaction of the first two elements. Thus we are left with the question of whether or not claimant's injury was incurred while doing work in the usual course of business of the Alton Brick Company or Mueller Cartage Company.

■ No infallible test can be formulated for determining whether a particular type of work is within the usual course of an employer's business. Each case must be decided upon its own facts. Ferguson v. Air-Hydraulics Company, *supra,* 492 S. W.2d 1. c. 135–136. Nevertheless, our courts have adopted general guidelines to assist them in making such a determination: whether the work is only incidental, ancillary or auxiliary to the usual and customary course of the employer's business, Perrin v. American Theatrical Co., 352 Mo. 484, 178 S.W.2d 332, 334 [1] (1944); whether the work contracted for involves "isolated occasional specialty work," Bailey v. Morrison-Knudsen Company, 411 S.W. 2d 178, 180 [1] (Mo.1967); and whether the work is that which the employer or his direct and immediate employees do in the usual course of the employer's business which he customarily carries on upon his premises. § 287.040(1), RSMo.1969, V.A. M.S.; State ex rel. Long-Hall Laundry & Dry Cleaning Co. v. Bland, 354 Mo. 97, 188 S.W.2d 838, 842 [2] (banc 1945).

■ Defendant Alton Brick Company was engaged in the manufacture and sale of brick. The evidence was that Alton Brick did not regularly employ carpenters, and that all construction work on their premises was contracted out, and was not performed by the employees of Alton Brick. Claimant's alteration and rebuilding work afforded Alton Brick facilities for the operation of their business; it did not enter directly into the operation of that company's usual business. It is interesting to note that Paragraph 3 of § 287.040, RSMo.1969, V.A.M.S., specifically states that the provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, or repaired by an independent contractor.

From the evidence in the case at bar, it would also appear that claimant's carpentry work did not enter directly into the operation of defendant Mueller's usual business. Even though the product of claimant's labor would facilitate the operations of Mueller Cartage Company by affording it a maintenance garage for its trucks, claimant did not work or participate in the actual operation of Mueller's usual business which was the transportation of bricks.

We are of the opinion that, when the record as a whole is considered, there was competent and substantial evidence to support the finding of the Commission that claimant, Hubert Saale, was not a statutory employee as defined in § 287.040, RS Mo.1969, V.A.M.S.

The judgment of the circuit court is reversed and the case is remanded with instructions to reinstate the findings and determination of the Industrial Commission.

DOWD, C. J., and SIMEONE, JJ., concur.