**Clarice McDONALD,**
**Plaintiff/Appellant,**

v.

**BI-STATE DEVELOPMENT AGENCY,**
**Defendant/Respondent.**

No. 56823.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 20, 1990.

John D. Gumersell and Antonio M. Manansala, St. Louis, for plaintiff/appellant.

James E. Whaley and John P. Cunningham, St. Louis, for defendant/respondent.

GRIMM, Judge.

In this negligence case, the trial court found that plaintiff Clarice McDonald is a "statutory employee" under the Workers' Compensation Law. As a result, the trial court dismissed her petition for lack of subject matter jurisdiction. She appeals; we affirm.

Plaintiff sets forth four points relied on. In effect, however, only two points are raised. First, the trial court erred in sustaining defendant's motion to dismiss, because plaintiff was not a statutory employee of defendant. We disagree, because the record supports the trial court's determination. Second, the trial court's judgment is against public policy. We disagree.

### I. Background

Defendant Bi–State Development Agency is in the business of transporting passengers. In March, 1985, Bi–State entered into a two-year contract with Patton Security, Inc. Under the contract, Patton agreed to provide security guard services to Bi–State's bus maintenance and repair garage. Patton also agreed to provide workers' compensation insurance covering the guards furnished to Bi–State.

Plaintiff was a licensed security guard employed by Patton. She alleges that while performing security guard duties at Bi–State's bus maintenance and repair garage on September 28, 1986, "a large hammer fell from a ladder," injuring her right arm and hand.

Plaintiff filed a workers' compensation claim against Patton. In addition, she filed a common law negligence action against Bi–State. The trial court dismissed the negligence action, because it determined that her exclusive remedy was a claim under Missouri's Workers' Compensation Law.

### II. Motion to Dismiss

Initially, we note that "[t]he motion to dismiss for lack of subject matter jurisdiction is primarily the proper method for raising the exclusivity of workers' compensation." *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772 (Mo.App.E.D. 1983); *Shaver v. First Union Realty Management*, 713 S.W.2d 297, 299 (Mo. App.S.D.1986).

Further, a motion to dismiss for lack of subject matter jurisdiction should be granted "whenever it 'appears' that the court lacks such jurisdiction." *Zahn*, 655 S.W.2d at 772. Rule 55.27(g)(3). "[T]he quantum of proof is not high. It must appear by the preponderance of the evidence that the court is without jurisdiction." *Zahn*, 655 S.W.2d at 772.

### III. Statutory Employee

The trial court's determination that workers' compensation was plaintiff's exclusive remedy was based on its conclusion that plaintiff was a "statutory employee" under § 287.040.1.*

Section 287.040.1 provides:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his

---

* All statutory references are to RSMo 1986.

subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Thus, "[i]n order to categorize an individual as a statutory employee, each of three statutory elements must coexist: (1) the work was being performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) when injured the alleged statutory employee was performing work which was in the usual course of business of the alleged statutory employer." *McGuire v. Tenneco, Inc.,* 756 S.W.2d 532, 534 (Mo.banc 1988).

Plaintiff was performing security guard duties pursuant to a contract between Bi–State and Patton. Plaintiff's injury occurred on Bi–State's premises. Thus, the first and second elements existed. The question to be resolved is whether the trial court erred in determining that the third element also existed.

■ Plaintiff asserts that the trial court erroneously determined that plaintiff was a statutory employee, because the trial court failed to consider that Bi–State had no right to control or right to replace plaintiff. In support of this assertion, she cites *Asberry v. Bannes–Shaughnessy, Inc.,* 734 S.W.2d 250 (Mo.App.E.D.1987) and *Green v. Crunden Martin Mfg. Co.,* 575 S.W.2d 930 (Mo.App.E.D.1978). In order to understand why "right to control or right to replace" are not significant factors, it is necessary to examine the decisions cited in those cases.

The *Asberry* court cited *Green* for the proposition that "right to control" and "right to replace" are factors to consider in determining whether an individual is a statutory employee. *Asberry,* 734 S.W.2d at 253. The *Green* court relied on *Ferguson v. Air–Hydraulics Co.,* 492 S.W.2d 130, 136 (Mo.App.E.D.1973) for those propositions. *Green,* 575 S.W.2d at 932.

*Ferguson* stated that "the right to control the employee [was] held to be a determining factor" in *Shireman v. Rainen Home Furnishers, Inc.,* 402 S.W.2d 64, 67 (Mo.App.W.D.1966). The *Shireman* court does recognize that right to control is a determining factor. It is a determining factor, however, in reference to whether an individual was an employee or an independent contractor. *Id.* at 67–68.

The *Shireman* court, after determining that the evidence supported a finding that the individual was an independent contractor, considered whether he was a statutory employee. "Right to control" is not discussed as a factor in this latter analysis. *Id.* at 68–70.

Similarly, *Ferguson* cited *Rutherford v. Tobin Quarries,* 82 S.W.2d 918, 922 (Mo. Div. 2 1935), as applying "the right to substitute" one employee for another as a "general guide" in a statutory employee case. *Ferguson,* 492 S.W.2d at 136. The *Rutherford* court, however, discussed "right to substitute" in a context of determining whether the individual was an independent contractor or an employee. *Rutherford,* 82 S.W.2d at 921–922.

That factor was not considered in the court's later statutory employee analysis. Rather, the *Rutherford* court held that the individual was not a statutory employee, because the injury did not occur on or about the alleged statutory employer's premises. *Rutherford,* 82 S.W.2d at 923–924.

■ Plaintiff's assertions that the trial court erred in failing to consider "right to control" and "right to replace" are not persuasive. We note that the lack of a "right to control" and the absence of a "right to replace" a worker are consistent with an individual being a "statutory employee." As a statutory employee under § 287.040.1, the individual is entitled to workers' compensation even though that individual is an employee of an independent contractor. *See Shaver,* 713 S.W.2d at 299.

■ "The relationship of 'statutory employer' or 'statutory employee' 'has no reference whatsoever to the usual tests or rules applicable to the relationship of master and servant or employer and employee.' " *Schwandt v. Witte,* 346 S.W.2d 50, 52 (Mo.Div. 2 1961) (quoting Jackson, *Stat-*

*utory Employment Under the Workmen's Compensation Acts,* 25 K.C.L.R. 149–150 (1957)). "No 'litmus paper' test can be laid down to determine what particular work is within the scope of the operation of the usual business which is carried on at a particular place. Each case must be determined upon its own peculiar facts." *Ferguson,* 492 S.W.2d at 135–136.

In support of the trial court's determination that plaintiff was Bi–State's statutory employee, Bi–State relies on *Anderson v. Benson Mfg. Co.,* 338 S.W.2d 812 (Mo.Div. 2 1960). In *Anderson,* the defendant manufactured materials used in national defense. *Id.* at 813. The *Anderson* court held that guard services supplied to the defendant under a contract were performed as a part of the defendant's usual business. *Id.* at 815.

Plaintiff contends that *Anderson* is distinguishable from the present case, because "*Anderson* was based on the key fact that [the defendant] performed work designated by the government as 'classified'...."

The fact that in *Anderson* the defendant performed classified work and would have lost its government contract work without its security system, *id.,* is not a distinguishing fact. Rather, that fact demonstrated that the use of security guards "was not an unpredictable and sporadic happening but was a regular and continuous operation in connection with [the defendant's] national defense work." *Id.*

Similarly, Bi–State's use of security guards was not "unpredictable and sporadic." Plaintiff stated in her deposition that she had been a security guard at Bi–State facilities since 1981. According to an affidavit of Bi–State's Risk Manager, Bi–State's use of security guards "was frequent, constant, and necessary to the operation of the usual business of Bi–State...." The risk manager stated that security guards were used to make "rounds at Bi–State's garages to protect the property and persons at the various garages." He further stated that Bi–State's employees would have been used as security guards at the facility if Patton had not furnished guard services.

Plaintiff further contends that *Anderson* is distinguishable, because the defendant in *Anderson* "was caused to regularly and continually use direct employees as security guards as well as guards from a private agency." Apparently, Bi–State did not directly employ any security guards.

This distinction is irrelevant. In *McGuire,* our supreme court stated that it had "not defined the 'usual course of his business' to require that an employer's regular employees normally perform the work undertaken by the statutory employee as a condition of coverage under the [Workers' Compensation] Act." *McGuire,* 756 S.W.2d at 535–536; *see Viselli v. Missouri Theatre Bldg. Corp.,* 234 S.W.2d 563, 566–567 (Mo.Div. 2 1950).

We find guidance in *Anderson.* Contrary to plaintiff's assertion, plaintiff's work as a security guard was not "merely incidental" to Bi–State's usual course of business. *See Perrin v. American Theatrical Co.,* 178 S.W.2d 332, 334 (Mo.Div. 1 1944); *Ferguson,* 492 S.W.2d at 136. Rather, as stated in *Anderson,* "[t]he conduct of a part of the usual business of an employer may not in itself justify his continuation in business but nevertheless may fit in and constitute an operation of the usual business conducted on the premises." *Anderson,* 338 S.W.2d at 815; *see also* 1C A. Larson, THE LAW OF WORKMEN'S COMPENSATION § 49.16(g) (1986).

The record supports the trial court's conclusion that plaintiff was performing work which was in Bi–State's usual course of business. Point denied.

## IV. Public Policy

■ Plaintiff's final argument asserts that it would be against public policy to allow Bi–State to escape tort liability based on the statutory employee defense, because under the Patton/Bi–State contract, Patton was required to provide workers' compensation insurance covering plaintiff.

The question of Bi–State's liability in a workers' compensation proceeding is not before us. In any event, this contention is

without merit in light of our supreme court's holding in *Anderson.* A similar contract provision did not affect the *Anderson* court's determination that the guard was a statutory employee of the defendant. *Anderson,* 338 S.W.2d 813. Point denied.

### V. Conclusion

We find no error in the trial court's determination that plaintiff was a statutory employee of Bi–State. The rights and remedies of the Workers' Compensation Law are exclusive. § 287.120.2. Accordingly, the motion to dismiss for lack of subject matter jurisdiction was properly sustained.

The judgment is affirmed.

SATZ, P.J., and SMITH, J., concur.